[L. A. No. 498.   Department One.—August 10, 1899.]

GEORGE A. TIBBET, Respondent, v. TOM SUE, Appellant.

ACTION UPON NOTE—CONSIDERATION—EVIDENCE—DECLARATIONS OF PLAINTIFF—CONDUCT OF DEFENDANT.—In an action upon a note, the consideration of which was assailed by one of the makers, evidence of the declarations of the plaintiff, made in the presence and hearing of both makers of the note, while counting out the money, that the plaintiff was loaning the money to them, and of the conduct of the defendant assailing the note, in then silently taking the money and walking away with it, is admissible in favor of the plaintiff.

ID.—CONFIDENTIAL COMMUNICATION—TIME OF STATEMENT TO ATTORNEY—HARMLESS EVIDENCE.—Where the defendant had testified that he signed the note several months after its date, under the representation that it was a receipt for five dollars, and that he did not tell his attorney about it when first sued, a question as to when he did tell his attorney is not objectionable as asking for a confidential communication, and an answer thereto that he told his lawyer about it when he employed him, cannot be to the injury of the defendant.

NEW TRIAL—NEWLY DISCOVERED EVIDENCE—DISCRETION.—A motion for a new trial upon the ground of newly-discovered evidence rests much in the discretion of the court, and the ruling of the court thereupon will not be disturbed, unless there has been a clear abuse of discretion.

ID.—SUSPICION AS TO NEW EVIDENCE—CLEAR SHOWING REQUIRED.— Newly-discovered evidence after defeat is looked upon with suspicion; and the moving party must make a clear case showing due diligence on his part, and the truth and materiality of the evidence.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Lucien Shaw, Judge.

The note in suit was dated January 3, 1896, and the plaintiff and Frank Q. Dock testified that it was then signed by both of the makers, Tom Sue and Ham Gee, in Dock's restaurant in Bakersfield, and that five hundred dollars was then counted out and Tom Sue put it in a handkerchief and carried it away. Joseph C. Mefford and Charles Bustillos testified that they came into the restaurant and witnessed the payment of the money, but did not witness the signing of the note. Further facts are stated in the opinion.

William J. Hunsaker, for Appellant.

J. E. Patten, R. A. Ling, and McKinley & Graff, for Respondent.

COOPER, C.—Action to recover on a promissory note for five hundred dollars and accrued interest. Judgment for plaintiff. Defendant Tom Sue appeals from the judgment and from an order denying his motion for a new trial. The appeal comes here on the judgment-roll and a bill of exceptions. Findings were filed by the court below, and it is conceded that the judgment is the legal conclusion from the facts found.

It is claimed that the evidence is insufficient to justify the decision of the court. The argument in appellant's brief is mainly directed to the improbability of the truth of the testimony of the witnesses for respondent. As the witnesses appeared before the learned judge of the court below, where he could view them as the words fell from their lips, it was his peculiar province to pass upon their credibility, and after he has found the facts as stated by them and indorsed their testimony as true, we have no power to disturb his findings, when based upon substantial testimony.

The real issue between respondent and appellant was as to the execution of and consideration for the promissory note described in the complaint. One Bustillos was called as a witness by plaintiff, and testified that he was present in the early part of January, 1896, in the restaurant of one Dock in Bakersfield, and saw plaintiff come in and also saw two Chinamen there. That plaintiff had some money and was counting it out. That one Mefford, who was in company with witness, asked plaintiff what he was doing with the money. The witness was allowed, under the appellant's objection, to testify that the plaintiff said: "I am loaning these Chinamen this money." Appellant's counsel says: "This action of the court constitutes the principal error of law relied upon for a reversal of the judgment." The evidence was objected to upon the ground that it was hearsay and incompetent. After the testimony was in, a motion was made to strike it out, but no grounds of said motion were stated. It is now urged that the ruling was reversible error, for the reason that the conversation was not with appellant; that it

docs not appear that he understood what was being said, and that there is no evidence of his conduct in regard to the statement. It is shown by the evidence that appellant was present; that he can speak English imperfectly, and that he took the money and walked away. The objection to this testimony was made solely upon the grounds that it was hearsay and incompetent, and no other grounds can now be considered. We think the court did not err in admitting the testimony. The statement was made in the presence and hearing of defendant, and his silence and taking the money and walking away with it was evidence sufficient as to his conduct. Our code (Code Civ. Proc., sec. 1870), provides that, among other things, evidence may be given at the trial of "an act or declaration of another. in the presence and within the observation of a party, and his conduct in relation thereto." It is said in 1 Rice on Evidence, page 468: "Declarations or statements made in the presence of a party are received in evidence, not as evidence in themselves, but to understand what reply the party to be affected by the statement should make to the same. If he is silent when he ought to have spoken, the presumption of acquiescence arises; in this sense, admissions may be implied from conduct."

In *Corser v. Paul*, 41 N. H. 24, 77 Am. Dec. 753, a note purporting to be signed by a party was shown to him with a request to pay it. It was held that his silence was competent evidence as to the genuineness of his signature. The court in the opinion said: "No principle is better settled than that a man's silence upon an occasion where he is at liberty to speak, and the circumstances naturally calling upon him to do so, may be properly considered by the jury as tacit admissions of the statements made in his presence or of the claims there made upon him."

In *People v. Young*, 108 Cal. 13, it appeared that the defendant after his arrest was brought into the presence of the wounded man, and a conversation then occurred between the wounded man and a third party as to the ownership of a certain purse found upon the defendant at the time of his arrest. The conversation was not addressed to defendant, but he was present at the time and in a position to hear all that occurred, and neither affirmed nor denied the statement of the deceased

to the effect that the purse was his property. It was held that his silence under the circumstances was a fact to which the jury were entitled. So in *People v. Mallon,* 103 Cal. 514, two witnesses were allowed to testify to statements made by one Foran in the presence of defendant. It did not appear that the conversation was addressed to defendant or that he made any reply thereto, but this court held the evidence competent, and in the opinion said: "It is established law that, while a statement made in the presence of the accused is not admissible as being itself evidence of any fact narrated in such statement, it is admissible, primarily, for the purpose of showing that the accused acquiesced in the statement either by express assent, or by silence, or by such conduct as fairly implied assent."

The ruling appears to be within the rule as laid down in the cases cited, and we are not prepared to say that it would be reversible error even if not within the rule, in view of the other testimony in the case. The declaration of itself was of little importance, and particularly as the case was being tried before the court without a jury, we cannot see that a different result would have been at all probable if the evidence had been excluded.

The appellant was a witness in his own behalf, and it did not appear by his testimony or otherwise that he did not understand the English language. While the appellant was on the stand as a witness he testified that about the 1st of April, 1896, he was keeping a dry goods store in Los Angeles. That at that time, while he was eating supper, Bustillos came into appellant's place of business with a letter written in Chinese and with the sum of five dollars, and presented the note described in the complaint to appellant and asked him to sign it as a receipt for the money. That he thought Bustillos was the agent of Wells, Fargo & Co., and the note a receipt for the five dollars, and that under this belief he signed it. In cross-examination appellant testified that he never told of the fact of signing the receipt and receiving the five dollars to anyone until he was sued, and that he did not tell his attorney about it at that time because he did not know what the suit was for. Then he was asked the following question: "Q. When did you tell your attorney?" This question was objected to by appellant's counsel

on the ground that it involved a confidential communication; the objection was overruled, and the ruling is now claimed to be error. The appellant, in answer to the question, said that when he went to employ his lawyer then he imagined the cause and told his lawyer so. The question related to the time when appellant told his attorney certain facts which he had fully testified to in his examination in his own behalf. He had said of his own volition that he did not tell his attorney at the time he was sued, thus in effect stating that he had told his attorney. The question, therefore, as to the time he so told him was not asking for a confidential communication. But, aside from this, the fact that appellant told his attorney in preparing his defense of the facts set up in his answer, and of the facts testified to by him, could not in any degree have injured him. It was to allow appellant to corroborate his evidence upon the trial by showing that he had before stated the same thing to his attorney. If appellant had offered to prove such statement to his attorney, and it had been objected to by plaintiff, no doubt the objection would have been sustained; but, as he was allowed to state the declaration to his attorney in reply to plaintiff's question, and as the declaration was in his own favor, and in corroboration of his evidence upon the stand, it could not possibly have injured him.

One of the grounds of appellant's motion for a new trial was newly-discovered evidence, but he has not seen fit to argue the point in his brief. The record shows that appellant, in support of his motion upon said ground, read some nine affidavits, and the respondent, in opposition thereto, read some nineteen. The greater portion of the affidavits was directed to the credibility of the witnesses for plaintiff. Motions of this kind rest much in the discretion of the trial court. The moving party must make a clear case, showing due diligence on his part and the truth and materiality of such evidence. Newly-discovered evidence after defeat is looked upon with suspicion, and this court is always reluctant to interfere with the ruling of the trial court on a motion for a new trial on that ground, and will not do so unless there has been a clear abuse of discretion. (*Harralson v. Barrett,* 99 Cal. 607.) There was no such abuse of discretion in this case.

We advise that the judgment and order be affirmed.

Haynes, C., and Britt, C., concurred.

For the reasons given in the foregoing ·opinion the judgment and order are affirmed.

Garoutte, J., Van Dyke, J., Harrison, J.