[Crim. No. 103.   Third Appellate District.—October 1, 1909.]

THE PEOPLE, Respondent, v. KWPR SINGH, Appellant.

CRIMINAL LAW—ORDER DENYING NEW TRIAL—NEWLY DISCOVERED EVIDENCE—REVIEW UPON APPEAL.—Newly discovered evidence after defeat is looked upon with suspicion, and this court is always reluctant to interfere with the ruling of the trial court on a motion for a new trial on that ground, and will not do so unless there has been a clear abuse of discretion.

ID.—DISCRETION NOT ABUSED—EYE-WITNESSES OF CRIME—CUMULATIVE EVIDENCE.—*Held*, that there was no abuse of discretion, where the new evidence related to eye-witnesses of the crime charged, who were within easy reach of the trial, and the court was justified in concluding that defendant was remiss in the preparation for his trial, or preferred to submit his case without their presence, and that the new evidence, being merely cumulative, would not, in the opinion of the court, affect the result.

ID.—INSTRUCTIONS—REFUSAL OF REQUEST—REASONABLE DOUBT AS TO EACH FACT.—A requested instruction "that each and every fact and circumstance relied upon by the prosecution must be proved

by the evidence in the case beyond all reasonable doubt; and that if the jury are not satisfied beyond a reasonable doubt that such fact and circumstance has been proved," was properly refused on the ground that the prosecution may rely on some fact not essential to a conviction which need not be proved beyond a reasonable doubt.

ID.—REQUEST INVOLVING CONCLUSIVE PROOF.—Another requested instruction as to reasonable doubt of every necessary fact which states "that all the facts must be proved conclusively in their nature tending to the conclusion with moral certainty that the defendant and no other person committed the crime charged in the information," was properly refused, because facts are not required to be conclusive in their nature.

ID.—REFUSAL OF REQUESTS HARMLESS—INSTRUCTIONS COVERED BY CHARGE.—Extending the most favorable indulgence to the requested instructions, appellant sought by them to have the jury instructed that the prosecution must prove every fact essential to a conviction beyond a reasonable doubt and if it failed to do so, a verdict of not guilty must be rendered; yet the refusal of them could not be prejudicial. The court entirely covered this principle by instructing the jury "that when there is a reasonable doubt as to one of the facts essential to establish guilt, it is the duty of the jury to acquit"; and "that the presumption of innocence attaches at every stage of the case, and to every fact and circumstance essential to a conviction, and remains with the defendant throughout the trial, until you are convinced beyond a reasonable doubt of the guilt of the defendant."

APPEAL from a judgment of the Superior Court of Placer County, and from an order denying a new trial. J. E. Prewett, Judge.

The facts are stated in the opinion of the court.

L. L. Chamberlain, and W. H. Slade, for Appellant.

U. S. Webb, Attorney General, and J. Charles Jones, for Respondent.

BURNETT, J.—Only two points are made by appellant in furtherance of his contention that the judgment and order denying his motion for a new trial should be reversed. The first relates to newly discovered evidence and the second to two instructions requested by him and refused by the court.

The considerations to be observed in reviewing the action of the trial judge in declining to accord to the affidavits submitted by appellant the significance asserted for them are so familiar as hardly to need restatement. It is admitted that the general rule is as stated in *Tibbet* v. *Sue,* 125 Cal. 548, [58 Pac. 160], that "The moving party must make a clear case, showing due diligence on his part and the truth and materiality of such evidence. Newly discovered evidence after defeat is looked upon with suspicion, and this court is always reluctant to *interfere* with the ruling of the trial court on a motion for a new trial on that ground, and will not do so unless there has been a clear abuse of discretion."

It cannot be said that in the case before us the court transcended the limits of judicial discretion. The evidence set out in the affidavits was, indeed, material and important and a *prima facie* showing of diligence was made by appellant, but by counter affidavits it was made to appear that the witnesses were, during the whole period, within a short distance of the city where the trial was held, that defendant was at all times represented by counsel with whom he had frequent interviews, and while preparing for his trial was on different occasions visited by his countrymen who spoke his language, and, furthermore, that an interpreter was present to aid him in his communications with his counsel. It is stated in *People* v. *Freeman,* 92 Cal. 367, [28 Pac. 261], that "The law requires at the hands of the defendant that he make careful and diligent preparation for his trial; and it is to be presumed more especially in a case of the importance of this, that in preparing for a trial he should go over very carefully and diligently with his attorney every fact and circumstance which might in any way bear upon his defense." Assuming that he and his attorney exercised the diligence which the law enjoins, it is altogether probable that inquiries would have been instituted leading to the discovery of the identity and location of those additional witnesses who claimed to be present at the scene of the alleged crime. Indeed, this vital question as to the eye-witnesses would immediately suggest itself, and, under the circumstances disclosed by the record, the court was entirely justified in concluding either that the defendant was inexcusably remiss in his preparation for the trial or else that he preferred to submit his case without the testimony of these

other witnesses. No further discussion of this point seems necessary. We merely add that the "newly discovered evidence" would be merely cumulative, as several witnesses actually testified to substantially the same matters as those set out in the affidavits, and, besides, as the judge of the court, in the trial of another defendant, heard the testimony of affiants, he was in a more favorable position than he would otherwise have been to determine their credibility and whether their statements were worthy of credence and would likely produce a different verdict in case of a new trial. At any rate, in view of the record before us, we cannot, nor should we, hold that the court abused its discretion in denying the motion.

The said instructions refused by the court were as follows: 1. "You are instructed that each and every fact and circumstance relied upon by the prosecution must be proved by the evidence in the case beyond all reasonable doubt, and if the jury are not satisfied beyond a reasonable doubt that such fact and circumstance has been proven, it is your duty to find a verdict of not guilty"; and 2. "The court instructs the jury that in this case each necessary fact must be proved beyond a reasonable doubt; that all the facts must be proved conclusively in their nature tending to the conclusion with moral certainty that the defendant and no other person committed the crime charged in the information, and that if you from the evidence or want of evidence could account for the facts and circumstances in evidence upon any theory or hypothesis consistent with the innocence of the accused, then it is your duty to acquit." Upon No. 1 the learned trial judge made the following indorsement: "Refused because it is incorrect. The prosecution may rely upon facts which are nevertheless not essential to a conviction and such facts may not be proven beyond a reasonable doubt"; and upon No. 2: "Refused because the facts are not required to be conclusive in their nature." Regarded with technical discernment, the instructions are undoubtedly subject to said objections, but if we concede force to appellant's position that the court's reasons are somewhat hypercritical, still his contention can be of no avail. This follows for the reason that extending the most favorable indulgence to the instructions, appellant sought by them to have the jury directed that it

was incumbent upon the prosecution to prove every fact essential to a conviction beyond a reasonable doubt, and if it failed to do so, a verdict of not guilty must be rendered. But the court entirely covered this principle by instructing the jury "that when there is a reasonable doubt as to one of the facts essential to establish guilt, it is the duty of the jury to acquit," and "The jury are also instructed that the presumption of innocence attaches at every stage of the case and to every fact and circumstance essential to a conviction, and remains with the defendant throughout the trial until you are convinced beyond a reasonable doubt of the guilt of the defendant."

We see no prejudicial error in the record, and the judgment and order are affirmed.

Chipman, P. J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 18, 1909.