[Civ. No. 5374. Second Appellate District, Division Two.—July 2, 1929.]

M. C. MADDUX, Respondent, v. JOE MORA, Appellant.

J. L. Granttham and Frank C. Sherrer for Appellant.

Best & Best for Respondent.

CRAIG, J.—The respondent began the above-entitled suit in Perris township, Riverside County, to recover $160.50 which, by amendments to the complaint was later increased to $237.50, together with $100 attorney's fees, interest and costs, for breach of a contract. Judgment was rendered in favor of the plaintiff, and an appeal was taken to the Superior Court of Riverside County, wherein judgment was again rendered in favor of the plaintiff, after a trial *de novo*. From the latter judgment the defendant Mora appealed to this court.

The facts necessary to a consideration of the points presented are as follows: Maddux agreed to sell an automobile to the defendants under the terms of a conditional sale contract. Payments were made until October, 1921, when there was a balance on the purchase price of $162.50 then due. In September, 1922, the car being out of repair, the vendor took possession of it and put it in good condition again, at an expense of $75. The purchaser failed to pay either the balance of the original purchase price, or the expense of repairs, and on January 12, 1924, this suit was commenced.

It appears that one Haas was the agent who arranged the sale of the machine, and it is contended by the appellant that after default had been made, and the car had been repossessed by Maddux, Haas arranged to and did sell it to one Taylor. The court did not so find, and one of the grounds urged for reversal is that in failing to so find, material evidence was disregarded.

The principal attack upon the judgment is that the evidence is insufficient to support certain findings which the

court made and which are numbered IV, IX and X. They are as follows:

IV. "That on or about the month of March, 1922, plaintiff found the said personal property abandoned in the yard of one Ira L. Haas at Perris, California; that at the time of such finding the tires on the said machine had deteriorated to such an extent that they were no longer of any value; that the said personal property had lain out in the weather for months without any protection and that the same was not in good order and repairs as when originally sold to the defendants herein; that plaintiff thereupon took possession of the said personal property for the purpose of putting the same in as good order as when sold in accordance with the terms of the said agreement and that thereafter plaintiff repaired same and placed the automobile in as good repair and condition as when originally sold at an expense of $75.00; that the plaintiff made the repairs on the said car on or about the 1st day of November, 1922, and that the amount of the said repairs nor any portion thereof has ever been repaid by either of the said defendants or by anyone acting in their behalf."

IX. "That the said plaintiff, M. C. Maddux did not at any time either by himself or by or through any of his agents take the said automobile so purchased under the contract aforesaid from either of the said defendants for any other purpose except for placing the same in as good condition and repair as when originally sold by the said plaintiff; that the said plaintiff neither by himself nor through any of his agents has at any time sold the said automobile to James Taylor or to anyone else and that the said plaintiff now has the said automobile in his possession."

From these No. X logically finds the amount owing to the plaintiff on account of principal, interest and for repairs.

The rule that an appellate court will not reverse a judgment where there is any substantial evidence to support it is recognized by appellant. We find that there is such evidence here. It appears without conflict that one Haas "found" the buyers, told Mr. Maddux, and he sent salesmen to close the "deals," and in this instance he "found" the defendants; that after the sale had been made to the Moras he attended to the collections. He testified that he "never took the car back for Mr. Maddux"; that he "never

sold the car to James Taylor. Taylor asked me how much was due on the car and I told him I did not know, I would have to take that up with Mr. Maddux. I might have told Vincinti Mora if James Taylor bought the car I would get his contract and return it to him. I meant if James Taylor bought the car I would get Mora's contract and give it back to him.'' Taylor testified that he agreed with Haas to buy the car if Mr. Maddux did not charge him over $125. At the time of making this arrangement with Haas, Taylor deposited $30 with him, and received this back when he returned the car, which he did when it appeared that Maddux would not sell it for $125, but required $185. According to Haas, Taylor had the car three or four days. Vincinti Mora brought Taylor to him. Taylor left the car with Haas, and Maddux eventually got it.

We find no testimony that Maddux ever authorized Taylor to take the car from appellant at the time it was left with Haas upon the first occasion, nor to sell the car to Taylor except under the terms of a proposed contract, which Taylor did not accept, and which Maddux prepared and placed in the hands of Haas after Taylor had taken the car and left a $30 deposit with Haas. As above stated, Taylor would not accept the car on the terms offered by Maddux. However, had he done so it was apparently the understanding with Haas that Maddux would relieve the Moras from their liability as vendees, but this never happened. Maddux testified also that he did not sell the car to Taylor; that he took it only for the purpose of repairing it; that the Moras could have had it at any time it was in his possession had they come for it. Surely it cannot be said that there is no substantial evidence to support these findings.

There is a considerable amount of testimony in conflict with that above delineated and which upholds the statement of facts as asserted by appellant, but the trial court apparently disbelieved it, as it had a right to do.

■ There is no merit in the contention that the complaint does not state a cause of action. Argument as to its contents prior to amendment, and which was eliminated by amendment, is beside the subject. In this behalf the only consideration is the allegations of the complaint as amended, and upon which the case was tried. We are cited to no authority in support of appellant's claim that in order to

state a cause of action it must appear that the vendee had knowledge of the purpose of the vendor in taking the personal property where, as in this case, the vendor was permitted by the contract to retake the car for either of two purposes, namely, to make necessary repairs, or because of the default of the vendee and to terminate the contract. The ultimate fact required to be alleged is the vendor's purpose. This the complaint alleges to have been for the making of needed repairs. It is not important that amendments to the complaint were filed instead of an amended complaint. The amendments here in question clearly show the alterations and additions to the complaint, and no exception was taken to this form of amendment.

▇ Appellant contends that in case of default by the vendee a vendor through a conditional sales contract must elect between two remedies; that is, he may repossess the property and terminate the contract, or he may sue for the balance of the purchase price, but that he cannot do both. Granting this to be the general rule as to his final remedy, it does not prevent the vendor under a contract which expressly gives him that right from retaking the property for the purpose of making needed repairs. The repossessing under these circumstances for such purposes cannot preclude the vendor from later making his election between the two remedies mentioned, and this clearly was done in the instant case.

▇ The appellant filed affidavits wherein it was averred that one Joe Chavez, if permitted to testify, would swear that the automobile had not been repaired by Maddux, and that the affiant purchased it as junk, thereafter returning it to the plaintiff for $50 when the latter recovered judgment against the Moras and desired to make delivery; that Maddux had offered it for sale to others at a nominal price, and had stated that he had not expected until after the trial in the justice's court to collect further payments from the Moras. Counter-affidavits were filed by the plaintiff, denying the foregoing allegations, in detail. The affidavit of appellant recites that he had not previously known of the witnesses therein named, nor of the facts to which they would testify, but accidentally discovered them during a casual conversation with an acquaintance after the trial. A motion for new trial, based thereon, was denied, and this

is assigned as ground for reversal, it being urged that the trial court thus abused its judicial discretion. Subdivision 4, section 657, of the Code of Civil Procedure provides that a new trial may be granted for "newly discovered evidence, material for the party making the application, which he *could not, with reasonable diligence,* have discovered and produced at the trial." There was no showing that appellant used reasonable or any diligence in attempting to produce at the trial all of his evidence, nor that these witnesses could not, with some diligence, have been discovered. A motion for new trial upon the ground of newly discovered evidence is regarded by the court with distrust and disfavor, and such proffered evidence is looked upon with suspicion after defeat. (*Estate of Cover,* 188 Cal. 133 [204 Pac. 583]; *People* v. *Rushing,* 130 Cal. 449 [80 Am. St. Rep. 141, 62 Pac. 743]; *Tibbet* v. *Sue,* 125 Cal. 544 [58 Pac. 160].) Such motions are largely within the discretion of the trial court, and except in cases of plain abuse of such discretion, an order denying the motion will not be disturbed. (*Waer* v. *Waer,* 189 Cal. 178 [207 Pac. 891].) We are not convinced that such an abuse has been shown in this instance.

The judgment is affirmed.

Thompson (Ira F.), J., concurred.

Works, P. J., being absent, did not participate in this opinion.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 31, 1929.