[L. A. No. 11299.   In Bank.—September 22, 1931.]

BIG BOY DRILLING CORPORATION (a Corporation), Respondent, v. I. B. RANKIN et al., Defendants; DOYLE–CLUNE OIL COMPANY, Appellant.

Thomas A. Wood and Michael F. Shannon for Appellant.

Walters & Mauk and C. S. Mauk for Respondent.

WASTE, C. J.—Plaintiff, as assignee, brought this action to foreclose four mechanics' liens. The complaint is in four counts, each being substantially the same, except as to the name of the assignor and the amount involved. Some of the defendants defaulted, and as to others the action was dismissed. The defendant Doyle-Clune Oil Company, a Copartnership, is the sole appellant. As originally filed, the complaint requested that judgment be entered against the owners of the property involved for the aggregate amount of the four liens, that said liens be foreclosed, and that certain defendants, including the appellant, be required to set up their interests in the property or be barred from thereafter claiming any right, interest or lien therein.

Upon the trial, it appeared that plaintiff's assignors had been employed by Rankin, Campbell & Company, one of the defaulting defendants, to sink an oil-well on lots 47 and 48 in Havana Avenue Tract, Alamitos Heights, city of Long Beach, and that on or about May 4, 1927, the appellant Doyle-Clune Oil Company, apparently by way of exercising

648

an option it held, had taken over and assumed control of the well-drilling operations, and had undertaken to pay and discharge all claims for wages thereafter accruing in favor of plaintiff's assignors. The trial court allowed plaintiff to amend its complaint to conform to the proofs, and judgment was entered against the appellant for $2,352, the amount of wage claims accruing subsequent to the taking over of the work by it, and against the defendant Rankin, Campbell & Company for $352. The judgment further provides for the foreclosure of the liens as against any interest Rankin, Campbell & Company might have in the property.

Upon this appeal the Doyle-Clune Oil Company urges that the complaint fails to state a cause of action because it is nowhere alleged therein that the oil-well occupied the entire or any particular parcel of the property sought to be foreclosed, nor that any portion of the land was necessary for the convenient use and occupation of the well. Examination of the complaint, as originally filed, discloses that it specifically alleged in each count "that all of said described premises were actually used in the drilling of said well and the work was so performed on all of said premises". This disposes of appellant's first point, which is apparently based on the erroneous assumption that the "Amendment to Complaint", filed by leave of court to conform to the proofs, was an amended complaint which superseded the original containing the quoted allegation. That is not the case. The complaint, as originally filed, was not superseded by the amendment thereto, but was merely augmented or supplemented by the addition of allegations pertinent alone to the appellant's liability, and necessary to cause the complaint to conform to the proofs in this regard. It is not important that an amendment to the complaint was filed instead of an amended complaint. (*Maddux* v. *Mora,* 99 Cal. App. 695, 699 [279 Pac. 467].)

Appellant's second point is to the effect that the complaint, as amended, sets forth a separate and distinctly different cause of action than that originally pleaded and is for an additional claim or demand. This contention is also without merit. The cause of action remained the same, merely a different and additional form of relief, warranted by the evidence, being sought by the amendment of the complaint. Plaintiff's action has for its sole purpose the

collection of wages due for services performed by its assignors. Whether plaintiff accomplishes this purpose by the foreclosure of mechanics' liens or by way of a personal judgment, or both, is immaterial. Both demands having arisen out of the same transaction, there is but one cause of action with two forms of relief. The seeking of different kinds of relief does not establish different causes of action. (*San Diego Water Co.* v. *San Diego Flume Co.*, 108 Cal. 549, 556 [29 L. R. A. 839, 41 Pac. 495]; *Hutchinson* v. *Ainsworth*, 73 Cal. 452, 455 [2 Am. St. Rep. 823, 15 Pac. 82].) ██ The "cause of action" is to be distinguished from the "remedy" and the "relief" sought, for a plaintiff may frequently be entitled to several species of remedy for the enforcement of a single right. (*Beronio* v. *Ventura Lumber Co.*, 129 Cal. 232, 235 [79 Am. St. Rep. 118, 61 Pac. 958].) ██ Great latitude is accorded a trial court in the matter of allowing amendment to conform to the proofs. (*Armstrong* v. *Lassen Lumber Co.*, 204 Cal. 529, 531 [269 Pac. 453]; *Glougie* v. *Glougie*, 174 Cal. 126, 131 [162 Pac. 118].) The amendment here allowed was a proper one.

██ The final contention challenges the sufficiency of the evidence to sustain the trial court's finding "that on said date Doyle-Clune Oil Company took charge of the affairs of said well and had a superintendent representing them in the drilling of said well; that at the time said J. W. Clune, as one of the members of the firm of Doyle-Clune Oil Company, and on behalf of said company agreed to pay the men for the labor from that time, to-wit, on and from May 5, 1927, up to and including June 22, 1927, and that said Doyle-Clune Oil Company did exercise their option and did continue the drilling of said well up to and including June 22, 1927".

There is ample evidence in the record tending to show that the appellant partnership had assumed control of the well-drilling operations on or about May 4, 1927. On that day a Mr. Murchie, who represented himself to be the appellant's superintendent in charge of the work, stated to the workmen, among them plaintiff's assignors, that "they were now on the Doyle-Clune pay roll, and that there would be no further trouble over their wages". This statement was made in the presence and hearing of Clune, one of the members of the appellant partnership, who voiced no objec-

tion thereto. In fact, Clune himself, at or about this same time, stated to one of the workmen that Murchie was appellant's superintendent and that henceforth the men were on the Doyle-Clune pay-roll. The evidence further shows that the appellant partnership completed the drilling of the well and issued at least one of its checks in part payment of wages accruing during the drilling operations. This evidence is amply sufficient, in our opinion, to warrant the conclusion that the appellant partnership had elected to exercise its option and pursuant thereto, had taken over and completed the drilling work, at the same time assuming responsibility for the payment of the wages of the men engaged therein. The judgment against the appellant is unquestionably a proper one.

The judgment is affirmed.

Shenk, J., Seawell, J., Richards, J., Curtis, J., Preston, J., and Langdon, J., concurred.