[Civ. No. 4495. Fourth Dist. Jan. 23, 1953.]

Estate of CHESTER J. RILEY, Deceased. PORTIA A. RILEY, Appellant, v. LELAND BRUCE RILEY et al., Respondents.

Bertram H. Ross for Appellant.

No appearance for Respondents.

BARNARD, P. J.—This is an appeal from an order denying the petition of the executrix for authority to borrow $43,000 and to execute a trust deed on the estate's one-half interest in a building in Los Angeles, as security for the loan.

The petition alleged that the appraised value of the estate was $274,320.10; that there was about $3,000 in cash on hand; that the estimated federal and state inheritance taxes amounted to about $62,000, of which $12,000 had been paid; that unpaid claims amounted to about $28,000; that petitioner had theretofore been authorized to borrow $20,000 upon other property; that the will gave the executrix authority to sell or encumber by mortgage, deed of trust or otherwise any part of the estate; that in order to pay the balance of taxes and claims the petitioner has negotiated a loan of $43,000, secured by a deed of trust on the estate's half interest in this build-

ing, to be repaid in installments of $1,000 a month together with interest at 6 per cent payable monthly; and that it is for the best interest of the estate to make this loan.

Objections were filed by the former wife of the deceased, personally and as guardian of the three minor children of the deceased who were named in the will as legatees, alleging that the estate had been overappraised; that the state and federal inheritance taxes were due from individuals and not from the estate; that the executrix had used certain estate monies to pay her own obligations; that the previous order authorizing the executrix to borrow $20,000 had been made without notice; that the estate was being unnecessarily put to great expense in maintaining another piece of real property, which should be sold instead of borrowing money upon this building; that the estate did not have sufficient income to make the proposed monthly payments of principal and interest on the loan if it were made; that the making of this loan would probably result in a complete loss to the estate of the property on which the lien was placed; and that it was not to the best interest or advantage of the estate to make the proposed loan.

The court found that while most of the allegations of the petition were true, it was not for the best interest of the estate to borrow this money; that there is serious danger that in the event this loan is made the estate would not have sufficient income to meet the proposed monthly payments thereon; and that the estate owns another parcel which can and should be sold for the purpose of acquiring the necessary funds.

It is not contended that the order appealed from is not sufficiently supported by the facts presented to the court. No evidence was received, and the hearing consisted entirely of statements made by counsel for the respective parties. No attempt was made to prove that the estate's income was sufficient to meet the payments on the proposed loan and the other obligations of the estate.

The sole contention is that since the will authorized the executrix to encumber any part of the estate by a deed of trust the court was not concerned with whether or not the loan was necessary, or whether the making of the loan was for the best interest of the estate, and that "the court cannot substitute its judgment for that granted to the executor." It is argued that section 757 of the Probate Code provides that in the sale of real property, where authority to

sell is given in the will, no necessity for the sale or advantage to the estate need be shown; that since section 830 of the Probate Code, dealing with the borrowing of money, is silent as to the effect of a provision in a will authorizing the borrowing of money, the same rule should be applied; and that it has been held in some eastern states that such a provision in the will relieves the court of any discretion in the matter.

All proceedings of this nature in this state are statutory. Under section 757 of the Probate Code, where property is sold under direction of a will, the necessity for the sale or its advantage to the estate need not be shown, but confirmation must be had and no title passes unless the sale is confirmed by the court. No such provision, relieving the executor from showing the necessity or advantage of making such a loan, is contained in sections 830 to 832 of that code, providing how money may be borrowed upon the security of the estate. Not only is this omission significant, but those sections contain provisions which must be followed, including a definite requirement that a showing must be made which satisfies the court that the making of the order sought will be to the advantage of the estate. Good reasons appear for this requirement. In the case of the sale of property the court has an opportunity, upon confirmation proceedings, to see that full value for the property is received. If the matter of borrowing money on a trust deed were left entirely to the discretion of the executor, the court would have no control over the matter and, except for an inadequate consideration received from the loan, the property might be lost to the estate. Under such a rule, as suggested in *Estate of Pforr,* 144 Cal. 121 [77 P. 825], an executor would be able to do indirectly what he is forbidden to do directly.

The appellant's contention that no showing was necessary, as to the necessity for or the advantage of the loan in question, cannot be sustained. The order is affirmed.

Griffin, J., and Mussell, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 23, 1953.