[Civ. No. 4720.   Fourth Dist.   May 20, 1953.]

RAY LOREN RILEY et al., Appellants, v. PORTIA A. RILEY, Respondent.

Alford P. Olmstead and John N. Hurtt for Appellants.

Bertram H. Ross and Forgy, Reinhaus & Forgy for Respondent.

MUSSELL, J.—Plaintiffs appeal from a judgment in favor of defendant in an action to impress a trust on a fractional interest in and to certain real and personal property, for the purpose of enforcing the provisions of an agreement to execute a will.   The record contains an agreed statement on appeal from which it appears that "the principal question on this appeal relates to the construction given by the lower court to the terms and provisions of a Property Settlement Agreement dated December 6, 1941, of a Declaration of Trust executed the same date in connection therewith, and of a subsequent agreement dated May 26, 1947; specifically the question is whether plaintiffs lost their rights created under said Property Settlement Agreement and said Declaration of

Trust by their parents having executed said Agreement dated May 26, 1947.''

The material facts stated are these: Plaintiffs are the minor children of Chester J. Riley and Aileen S. Riley, who, on December 6, 1941, entered into a property settlement agreement providing in part as follows:

''1. The parties hereto agree to transfer, assign, convey and set over unto Charles P. Young all of the property, real, personal or mixed, as set forth and described in 'Exhibit A' hereto attached, the same to be held in trust, however, by said Charles P. Young in accordance with the terms and provisions of a certain Agreement and Declaration of Trust dated the 6 day of December, 1941, and executed concurrently with this agreement, a copy of which Agreement and Declaration of Trust is attached hereto marked 'Exhibit B' and by such reference thereto made a part hereof.

''10. Each party further agrees to execute a good and valid will and to at all times keep in force a good and valid will by the terms of which each will devise and bequeath unto the three children of the parties hereto, as herein named and set forth, an undivided one-third interest of his or her rights and interests under said Trust Agreement and Indenture, and each agrees further that in the event he or she should fail and neglect to make such a will, or if for any reason it should be determined or adjudicated that any will of theirs be invalid for any reason whatsoever, that then and in that event it is understood and agreed that this instrument shall by the terms hereof constitute a valid transfer, assignment and conveyance of an undivided one-third interest to said three children of the parties hereto in and to his or her interests and rights under said trust agreement, the same to take effect immediately upon the death of said party.''

In connection therewith and as part of the same transaction as the execution of said property settlement agreement, Charles P. Young, as trustee, executed a ''Declaration of Trust'' which contained the following provisions:

''It is understood that this trust shall continue for a period of twenty (20) years from date hereof, or unless sooner terminated by reason of the full payment and satisfaction of all present indebtedness owing by the trustors and until the satisfaction and payment of any encumbrances now upon said property, or any extensions or renewals thereof, in the event of said payment said trust shall at said time terminate. Upon the termination of this trust as to all or any part of said

trust property, said trust estate shall vest in and belong to the following persons:

"One-half (½) thereof to the Trustor Aileen S. Riley, or her heirs, successors or assigns, or any legatees or devisees that she may name in her last will and testament;

"The remaining one-half (½) to the trustor Chester J. Riley, or his heirs, successors or assigns, or any legatees or devisees that he may name in his last will and testament;

"It being understood that each of the Trustors hereby agree that upon the death of either of said trustors the children of the parties hereto shall succeed to an undivided one-third of the undivided one-half of each of the trustors.

"It is further understood irrespective of any of the other provisions of this trust, that the same may at any time be terminated upon the mutual consent and approval and agreement of each of the trustors herein."

Pursuant to said property settlement agreement and declaration of trust, the real and personal property described in said declaration of trust was, on December 6, 1941, deeded and conveyed by Chester J. Riley and Aileen S. Riley to Charles P. Young, the trustee mentioned in said declaration of trust. Thereafter, on May 26, 1947, Chester J. Riley, Aileen S. Riley and Charles P. Young, as said trustee, executed an agreement relating to said trust. This agreement recited that the parties had composed their differences and desired to effect a final accounting concerning said trust, the termination and closing thereof and the distribution of the corpus and assets thereof, including any and all accumulated income therefrom; that the third party (trustee) had rendered full and complete accountings of the administration of said trust; that it was the desire of the parties to terminate said trust and to effect the distribution of the corpus thereof. As a result of this agreement, the parties caused all of the trust property that was held by Young as trustee to be conveyed to them in their individual names and Young made, executed and delivered his deeds, bills of sale and assignments of stock to Mr. and Mrs. Riley, conveying and transferring to them, as tenants in common, all of the property constituting the corpus of said trust, including "The Riley Building."

On September 26, 1950, Chester J. Riley executed his last will and testament, wherein he bequeathed no more than the sum of $1,000 to each of said sons and wherein he devised and bequeathed the entire residue of his estate, including his

one-half interest in the Riley Building to his sister, Portia A. Riley, defendant herein. Thereafter, on March 16, 1951, Chester J. Riley died and his last will was admitted to probate in Orange County. Proceedings on the estate were still pending during the trial of this action and no order of distribution had been made at the time of the entry of the judgment herein from which this appeal is taken. It was stipulated, at the trial that the property of said trust, insofar as it involved Chester J. Riley's interest therein in its converted form comprised that which was as set forth in the inventory and appraisement returned in said probate proceedings.

The trial court found that the trust created by the property settlement and trust agreements of December 6, 1941, was terminated and revoked by the subsequent agreement of May 26, 1947, and concluded that plaintiffs had no right, title and interest or claim in and to the estate of Chester Riley, deceased, except as to the legacies of $1,000 each as provided in Riley's will.

Appellants argue that the "rights and interests" referred to in the property settlement agreement and declaration of trust are not limited to the beneficial interests of Mr. and Mrs. Riley under the trust but include as well their reversionary interests; that the 1947 agreement did no more than terminate the trust and left unimpaired the provisions of the property settlement agreement and declaration of trust in favor of the children and that the children have enforceable rights irrespective of whether they come within the provisions of Civil Code section 1559. We conclude that these arguments are without merit.

Section 10 of the property settlement agreement of December 6, 1941, provides that each of the parties agrees to execute a will in favor of the plaintiffs to an undivided one-third interest of his or her rights and interests under said trust agreement and if such will was not executed, the agreement was to constitute a transfer of said one-third interest under the trust agreement to the said children. The parties did not agree to make testamentary disposition of any specific real or personal property but only to interests and rights under the trust agreement. All of the then known property of the parties was placed in the trust, which, by its terms, was made terminable upon the mutual consent, approval and agreement of the parties irrespective of any of the other provisions of the trust agreement. Thereafter the agreement of May 26,

1947, was executed by the parties terminating the trust in its entirety and all property remaining in trust was conveyed to the parties by the trustee. Therefore, nothing remained in the trust which could be disposed of by will and the trust ceased to exist.

■ The parties to a contract entered into for the benefit of third persons may rescind or abrogate it without the assent of such third persons at any time before the contract is accepted, adopted or acted upon by such third persons. Civil Code, section 1559, provides that a contract made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it. In 12 American Jurisprudence, at page 843, it is stated:

"According to the weight of authority, the parties to a contract entered into for the benefit of a third person may rescind, vary or abrogate the contract as they see fit, without the assent of the third person, at any time before the contract is accepted, adopted, or acted upon by him, and such rescission deprives the third person of any rights under or because of such contract."

■ Plaintiffs did not acquire any rights under the 1941 agreements which prevented a rescission of said agreements by the contract of 1947. (*Orloff* v. *Metropolitan Trust Co.,* 17 Cal.2d 484, 487 [110 P.2d 396] ; *O'Neil* v. *Ross,* 98 Cal.App. 306, 326 [277 P. 123].)

Section 2280 of the Civil Code provides:

"Unless expressly made irrevocable by the instrument creating the trust, every voluntary trust shall be revocable by the trustor by writing filed with the trustee. When a voluntary trust is revoked by the trustor, the trustee shall transfer to the trustor its full title to the trust estate. Trusts created prior to the date when this act shall become a law shall not be affected hereby."

The creators of a trust may revoke it as provided in this section. (*Title Ins. & Trust Co.* v. *McGraw,* 72 Cal.App.2d 390, 399 [164 P.2d 846].)

The trust agreement herein provides that upon termination of the trust, one-half of the trust property is to go to the trustor Aileen S. Riley and the remaining one-half to the trustor Chester J. Riley, and that upon termination of the trust, the trustee execute deeds to the parties accordingly. Under such circumstances, the language in the property settlement agreement with respect to the succession of plaintiffs

in the event of the death of either party to the agreement has no application because there was no trust or interest therein which was transferable by conveyance or otherwise after the termination of the trust.

Judgment affirmed.

Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing was denied June 9, 1953, and appellants' petition for a hearing by the Supreme Court was denied July 15, 1953.