[Civ. No. 4760.   Fourth Dist.   Nov. 16, 1953.]

AILEEN S. RILEY, Respondent, v. PORTIA A. RILEY,
as Executrix, etc., Appellant.

Bertram H. Ross for Appellant.

Alford P. Olmstead and John N. Hurtt for Respondent.

BARNARD, P. J.—This is another chapter in a long controversy, other parts of which have reached this court. (*Riley* v. *Superior Court,* 111 Cal.App.2d 365 [244 P.2d 474]; *Estate of Riley,* 115 Cal.App.2d 495 [252 P.2d 395]; *Riley* v. *Riley,* 118 Cal.App.2d 11 [256 P.2d 1056].)

The plaintiff is the former wife of Chester J. Riley. The couple had three sons. In 1941, they executed a property settlement agreement providing, in part, as follows:

"Second Party agrees that he will contribute a reasonable sum for the support and maintenance of the children of the parties hereto during their separation and Second Party further agrees that he will from time to time direct the Trustee to pay unto First Party reasonable sums of money for the support, care, maintenance and education of the children of the parties hereto. First Party agrees that she will contribute reasonable sums for the support and maintenance and education of the children of the parties hereto. It is understood that, in arriving at the sums to be contributed by either of the parties hereto, the ability of the parties hereto and the needs of said children shall be taken into consideration."

Mrs. Riley later secured a divorce, the decree not mentioning the property settlement agreement or making any order for the support of the children. Chester J. Riley died in 1951, leaving $1,000 to each of said sons and the remainder of his estate to his sister, Portia A. Riley. The plaintiff filed a claim in the estate, based on the agreement above quoted,

for the amounts claimed to be due up to the date of Riley's death, and for a reasonable contribution for the support of the children from that time until they reach the age of 21 years. This claim was rejected by the executrix and Mrs. Riley brought this action.

After a hearing the court found in favor of the plaintiff finding, among other things, that by the property settlement agreement the parties agreed that each of them would contribute a reasonable sum for the support of the children in accordance with the ability of each of them and the needs of the children; that of the amount reasonably necessary for this purpose during the four years prior to his death, Mr. Riley failed to contribute sums amounting to $12,000; that part of Mr. Riley's obligation in this regard accrued and will accrue after his death and in this manner, $9,100 has accrued and will accrue up to the time the children, respectively, have reached the age of 21 years; that the net value of the estate left by Mr. Riley, after all claims and charges have been paid, is in excess of $150,000; that the claim filed by the plaintiff is a valid and existing claim against the estate for the amounts found due and to become due, which amounts should be paid in the due course of administration; and that the plaintiff is entitled to have $9,100 impounded and paid into court, to be paid out as ordered. Judgment was entered accordingly and the executrix has appealed.

No attack is made on the sufficiency of the evidence, or on the reasonableness of the awards considered in accordance with the ability of the parties and the needs of the children. Appellant's sole contentions relate to the validity of this part of the 1941 agreement, and the court's right to enforce it in this action. It is first contended that this was not a legally enforceable agreement since the parties failed to determine what percentage of the sums reasonably necessary for this purpose each was to pay. It is argued that since the contract failed to provide how the necessary amounts should be divided between the parties, the only means by which that matter could have been determined was by future negotiations between them; that the agreement was too indefinite and uncertain to be the basis of an action for a breach of contract; and that since the contract was void the court was without power to add the missing provision by determining what proportion of the necessary support each party should pay. In support of this contention the appellant cites such cases as *Wineburgh* v. *Gay*, 27 Cal.App. 603 [150 P. 1003]; *Sarina*

v. *Pedrotti,* 103 Cal.App. 203 [284 P. 472] ; and *Avalon Products, Inc.* v. *Lentini,* 98 Cal.App.2d 177 [219 P.2d 485], in which it has been held that to be enforceable a contract must be complete and certain, and that where a contract leaves an essential element to the future negotiation of the parties it is unenforceable. Cases are also cited in which it has been held that the courts may not, under the guise of construction, make a new contract for the parties or insert necessary provisions which have been omitted.

This contract did not, as the appellant contends, leave the parties free to do as they chose, in the absence of a further agreement. Each party was obligated to furnish for that purpose a reasonable sum, taking into consideration his ability and the needs of the children. While the precise amount each should furnish would naturally vary from time to time, as circumstances changed, both the entire amount which was reasonably necessary and the proportion of that amount each should pay, in view of existing conditions, were matters which were susceptible of proof and which could be determined by the court, and were not matters which necessarily depended upon future negotiation and agreement of the parties. In *Wilson* v. *Wilson,* 96 Cal.App.2d 589 [216 P.2d 104], it is said:

"At the making of a contract for a right, it may sometimes be impossible to determine details, or the changing situation of affairs may indicate that details also must be subject to modification and, therefore, should not be definitely prescribed and should be left to settlement by an agreement or decree at the time the right is insisted upon. In such cases if the right is absolutely contracted for and the details are of a nature which courts may properly fix and settle, the courts should not hold the contract incomplete, but determine the right and also prescribe and settle the details."

It is an established rule that that which can be made certain is sufficiently certain to make a contract enforceable. (*Mancuso* v. *Krackov,* 110 Cal.App.2d 113 [241 P.2d 1052].) From their very nature contracts for support must often be more or less indefinite and uncertain in certain respects (*Coykendall* v. *Kellogg,* 50 N.D. 857 [198 N.W. 472]), and a support contract should not be held unenforceable merely because the precise amount to be paid was not fixed by the terms of the agreement. (*Henderson* v. *Spratlen,* 44 Colo. 278 [98 P. 14, 19 L.R.A. N.S. 655].) While a divorce decree, rather than a contract, was there involved these principles

were largely recognized and applied in *Lufkin* v. *Lufkin,* 209 Cal. 710 [290 P. 8]. Under the circumstances here appearing, it must be held that the contract in question was not so indefinite and uncertain as to be unenforceable.

The only other point raised by appellant is that the allowance for support after the death of Mr. Riley cannot be supported since this was an action at law on a rejected claim, and not an equity action. It is argued with respect to this part of the judgment that recovery could he had only in an equity action, citing *Newman* v. *Burwell,* 216 Cal. 608 [15 P.2d 511]; *Guardianship of Cornaz,* 8 Cal.2d 347 [65 P.2d 784]; *Dabney* v. *Dabney,* 9 Cal.App.2d 665 [51 P.2d 108]. It is further argued in this connection that the court erred in permitting the respondent to amend her complaint, thus permitting her to change her cause of action in this regard.

There is no merit in this contention. ▮ In *Taylor* v. *George,* 34 Cal.2d 552 [212 P.2d 505], the court said:

" 'In California the rule is that the obligation of a father to support his minor child which is fixed by a divorce decree or property settlement agreement, does not cease upon the father's death, but survives as a charge against his estate,' " citing two of the cases relied on by the appellant. ▮ In the claim filed in this estate a part of the demand was stated to be a reasonable sum for the support and maintenance of said children until they reach the age of 21 years. This claim was attached to the complaint as an exhibit, and the prayer was for a named amount and "for such other and further relief as the court deems equitable." Evidence was received on that phase of the case and, at the conclusion of the trial, the court permitted an amendment in this connection alleging that it was necessary to impound funds to meet that part of the obligation. The cause of action was not changed by the amendment, which was properly allowed. (*Rosemead Co.* v. *Shipley Co.,* 207 Cal. 414 [278 P. 1038]; *Big Boy Drilling Corp.* v. *Rankin,* 213 Cal. 646 [3 P.2d 13].) All of the issues, legal and equitable, were before the court and the relief granted was well within those issues.

The judgment is affirmed.

Griffin, J., and Mussell, J., concurred.

A petition for a rehearing was denied December 2, 1953, and appellant's petition for a hearing by the Supreme Court was denied January 13, 1954. Schauer, J., was of the opinion that the petition should be granted.