[S. F. No. 13248. In Bank.—July 1, 1930.]

MYRTLE G. LUFKIN, Respondent, v. HARRY R. LUF-KIN, Appellant.

Waldo F. Postel for Appellant.

Sullivan & Barry and Theo. J. Roche for Respondent.

SEAWELL, J.—Defendant Harry R. Lufkin appeals from an order directing him to pay to plaintiff Myrtle G. O'Neil, formerly Myrtle G. Lufkin, who procured an interlocutory decree of divorce from said defendant in 1920, the sum of $3,787.83, said sum being one-half the total amount necessarily expended by plaintiff in providing Harry R. Lufkin,

Jr., the minor child of said plaintiff and defendant, with the necessaries of life since August 12, 1922, and further directing defendant to thereafter pay to plaintiff, who by the order appealed from is awarded custody of said child, the sum of $30 monthly during the minority of said child for his support and maintenance. The order appealed from purports to be a modification and amendment of a final decree of divorce entered by the Superior Court of the City and County of San Francisco on February 2, 1921, which provided that the custody of said child be awarded to both plaintiff and defendant, "with the direction that said child be kept in a suitable school, the expense of his maintenance to be equally borne by each of said parties."

· Plaintiff and defendant intermarried on December 21, 1905. On January 19, 1920, plaintiff filed suit for divorce, alleging as a ground therefor defendant's failure to provide her with the necessaries of life for a period of more than two years. She asked custody of Harry R. Lufkin, Jr., the only child of the marriage, then eleven years of age. Defendant filed an answer in the form of a general denial and his attorney was present at the hearing. The interlocutory decree, entered on January 21, 1920, provided that the custody of the child be awarded to both plaintiff and defendant, and directed "that said child be placed and kept by said parties during the school terms in some good, proper and suitable boarding school, where he shall reside and be maintained and educated, and that during vacation periods of said school and such other times as he is not required to be at such school, his custody be shared equally by the plaintiff and defendant. And if the parties cannot agree upon such school, then the same to be selected by the court. And that the expense of the maintenanace and education of said minor child be borne equally by the parties hereto." Plaintiff waived all claim to alimony.

The final decree, of which the order herein appealed from purports to be a modification and amendment, was entered on February 3, 1921, upon motion of defendant. As noted above, it contained a provision with respect to the custody of the minor child similar to the provision incorporated in the interlocutory decree.

It appears from the proceedings now before us that in compliance with said interlocutory decree the father, with

the consent of the mother, placed the child in the Glen Taylor School, situate in the county of Alameda. He remained there until the closing of the school term in the spring of 1924, spending the summer vacations during the years of 1922 and 1923 at a camp maintained by said school. Since the closing of the term in 1924 he has resided with his mother. The father paid one-half of the boy's expenses until August 12, 1922, but thereafter paid nothing whatsoever on account of his support.

Bills for the boy's tuition were sent by the school authorities to defendant until August, 1922, when he informed the school that he would no longer be responsible for the boy's expenses. On August 12, 1922, he wrote to his son that he was not able to keep him in boarding-school and that he was willing that he should live with him in Bakersfield, but if he preferred to live with his mother he would expect her to maintain and educate him. The defendant testified that neither the son nor plaintiff answered this letter. The plaintiff testified upon the hearing that she was sure she had answered it, but she did not state the contents of her answer. In 1923 the son suffered from anemia, and in 1924 he was operated upon for a ruptured appendix. The mother borrowed $2,000 which she applied to the payment of services for medical, hospital and nursing care and attention during his illness. She testified that she communicated with him upon several occasions personally and through her attorney, including the time of the son's illness in 1924, but all communications were ignored. In 1922 the son spent some time on a visit with the father at Bakersfield. Defendant testified that he had neither seen nor heard from the mother or boy after August, 1922, and his testimony on this issue is to the effect that she studiously withheld all information concerning the son, his health, expenses and whereabouts from him. The court below found against defendant on this issue, and its conclusion, supported by plaintiff's evidence, cannot be disturbed on this appeal. In 1925 the plaintiff filed suit in the county of Kern to recover the father's portion of expenses for the support and maintenance of the boy, but this action was dismissed.

On January 28, 1928, approximately seven years after the entry of the final decree, plaintiff petitioned for an order to show cause why defendant should not be compelled to

pay plaintiff the sum of $3,787.83, said sum being one-half of the total amount necessarily expended by her in providing said minor with the necessaries of life since August 12, 1922, and to pay a reasonable monthly amount thereafter for the support of the son during his minority. The defendant at no time in the entire proceeding raised the statute of limitations as a bar. Upon the hearing of this motion the court entered its order granting the allowance of $3,787.83 as to past maintenance and further ordered defendant to pay plaintiff as a future allowance the sum of $30 a month commencing on July 1, 1928, and continuing during the minority of the son. At the date of said order the boy was about nineteen years of age. Both plaintiff and defendant have remarried.

█ We are of the view that the provision in the interlocutory decree of divorce, from which no appeal was taken, that the child, whose custody was awarded to both parties, be placed in a school and the expenses of his maintenance and education be borne equally by plaintiff and defendant, is not void because uncertain and indefinite. The said provision is plainly intended as a direction that as between themselves each should pay one-half of the expenses of maintaining and supporting their son at a boarding-school. Although the decree fixes no definite sum of money to be paid by one party to the other, it is a definite and final determination of the measure thereafter to be used in computing the liability of the parents. Under such a decree, upon the failure of either parent to pay his proportion of the expenses of the child at said school, the other parent, who, as a consequence, pays such expenses in full, is entitled to recover one-half of the amount actually expended in a judicial proceeding brought for that purpose.

█ Defendant could not relieve himself of the obligation to pay one-half of the boy's expenses at said school by his ultimatum in the letter of August 12, 1922, addressed to the son, that if he wished he might come to live with him, but if he preferred to live with his mother he would expect her to maintain and educate him, and he could no longer maintain him in a boarding-school. The court granting the divorce, which was under a duty to consider the welfare of the child as well as the wishes of the parents, had directed that the child be placed in a boarding-school, and its judg-

ment in this respect had never been questioned. ■ The mother complied with the court's order in permitting the son to continue at said school, although the father had disclaimed responsibility for his bills. Her full compliance is not to be deemed a release of the father from paying his portion of the son's expenses, nor is her payment of said expenses a "voluntary support" within the meaning of section 208 of the Civil Code. Said section provides that a parent shall not be bound to compensate the other parent for the voluntary support of the child without an agreement therefor. We are of the view that the payments made by the mother in obedience to the order of court were not voluntary in the ordinary sense in which the term is applied. The minor was to be sent to school, health permitting, and was to be maintained throughout his minority. Such was the court's decree. The obligation was upon both. The expenses of the son's illness in the spring of 1924, about the time the school term was concluding, necessitating an operation and confinement in a hospital, and of the prior illness of 1923, while he was in said school, are likewise charges for which plaintiff is entitled to be reimbursed to the extent of one-half. No claim is made nor does it appear that said expenditures were unreasonable. It is true that after June, 1924, the boy was not maintained in the boarding-school, but resided with his mother. But it appears that he was taken from school because of his poor health. Plaintiff claimed to have expended $30 a month for the son's support over a period of three years and seven months, totaling $1290, and sought to recover one-half of said sum, to wit $645, from defendant. Under the circumstances shown, we are of the view that the court properly made the allowance, and also properly allowed plaintiff for one-half the sum expended by her for clothes for the boy.

■ The making of a motion in the original proceeding or the filing of a petition for an order to show cause why the decree should not be amended or modified to direct the payment of a definite sum on account of amounts expended for the support of the boy was an appropriate method of enforcing the obligations of the defendant. The power conferred upon the court under section 138 of the Civil Code to modify an order made in a divorce action for the support of a child must be held to embrace the right to deter-

mine the amount of the expenditures made on behalf of the child for which defendant is liable.

Defendant relies upon *McKay* v. *McKay*, 125 Cal. 65 [57 Pac. 677], as an authority sustaining his point to the effect that the court was without jurisdiction to determine the amount of defendant's accrued liability under the original decree, which made the maintenance and education of the minor child a joint obligation of both parties. In *McKay* v. *McKay, supra*, the care, custody and control of the minor children was awarded to the wife. No provision was made in the decree in that case, as here, that the care, custody and control of the minor was in both spouses and that the education and maintenance of said minor was the joint obligation of both. In the McKay case, after many years, without any prior order whatever to support it, the court undertook to award an allowance for past support and maintenance as a charge against the father. This court held that such an allowance was unauthorized. In the instant case the decree by express terms requires the defendant father to pay one-half of the charges of education and support of the minor. It is true that no fixed sum was named, but it is an axiom of law that that will be regarded as certain which is capable of being made certain. Defendant would have had no difficulty in determining what sum would be reasonable. The modification or amendment of the decree as made by the court does not enlarge the duty imposed upon the defendant by the original decree. It simply determines the amount due thereunder. The fact that the decree did not make specific provision for medical attendance of the minor is no defense to necessary expense incurred for such services. The decree may be modified upon motion to include such services in proper cases. This question was fully discussed in *Jaeger* v. *Jaeger*, 73 Cal. App. 128 [238 Pac. 139], and we are satisfied with the court's conclusion in that case, which amply supports all the contentions made by plaintiff.

■ Defendant was not allowed to show his financial ability to pay the sum of $30 a month. Objections made to an offer to show his inability to pay the accrued amounts were properly sustained, as that was not a pertinent subject of inquiry then before the court, but his ability to pay future sums was squarely put in issue by the proceedings

and the defendant was entitled to show his present financial situation as affecting his ability to respond to any order the court might make. As the judgment is clearly severable appropriate orders may be made as to each. That portion of the order finding and adjudging that defendant is indebted to plaintiff in the sum of $3,787.83, said sum being one-half of the total amount necessarily expended by plaintiff in the support, maintenance and education of said minor since August 12, 1922, is affirmed. The order awarding the custody of said minor to plaintiff and modifying the decree as to future allowance is reversed. Plaintiff has the right to renew said motion as to custody and maintenance if she shall be so advised.

Shenk, J., Waste, C. J., Richards, J., Preston, J., Langdon, J., and Curtis, J., concurred.