[Civ. No. 5829.   Fourth Dist.   June 23, 1958.]

GARDNER WILLIAM BRYANT, Respondent, v. AGNES ELIZABETH B. BRYANT, Appellant.

580

James S. Duberg for Appellant.

Atherton & Atherton and Earl J. Cantos for Respondent.

GRIFFIN, J.—On July 15, 1941, an interlocutory decree of divorce was entered in favor of defendant, cross-complainant and appellant, ordering plaintiff, cross-defendant and respondent to pay her $60 per month for the support of four minor children of the parties. No apportionment or allocation of the support money to the respective children was indicated in the order, and no payments were made after the year 1941. On November 14, 1956, defendant filed her affidavit alleging these facts, and claims that from October 15, 1948, to November 13, 1956, she received no payments from plaintiff and there is due from him, within the dates of October 15, 1948, to December 15, 1955, the sum of $5,160. On November 23, 1956, by minute order, the judge ordered that execution issue in said amount, based upon said affidavit. Subsequent executions were issued thereon to different counties and levy was made upon plaintiff's property. The record discloses that on December 5, 1956, an order to show cause was issued by said court ordering plaintiff to appear on December 12th to show cause why execution should not issue in said amount. The court's minutes show "Motion Granted." Thereafter, on March 1, 1957, a motion to set aside and quash the execution was made by plaintiff, alleging by affidavit that the affidavit filed by defendant on November 14, 1956, in support of her

order for execution was false and untrue in that defendant did not have physical custody of said children during the period in question; that some were in institutions during this time and not supported by defendant; and that some had reached their majority. The whereabouts of the children during the time in question is set forth in detail. It further recites that both plaintiff and defendant have remarried, and alleges the sum claimed due was not due or owing by plaintiff to defendant. In defendant's reply affidavit, after substitution of attorneys, she "repents" the allegations of her affidavit in many respects and concedes that several of the children were not in her custody during the time indicated in her affidavit, and that some had arrived at their majority. But she opposed the motion to quash the execution. A hearing was had and the court set aside the execution and denied plaintiff's motion to modify the existing support order.

The memorandum opinion of the judge recites that no execution was issued within 10 years after the date of the order of July 15, 1941, as required by section 681 of the Code of Civil Procedure, and that therefore the execution issued was not issued as a matter of right; that no affidavit setting forth the reasons for failure to proceed in compliance with section 681 was made or filed as required by section 685 of the Code of Civil Procedure and defendant having failed for the first five years after entry of the interlocutory judgment to use due diligence to enforce payment of the amounts due her thereunder, the motion to set aside and quash the execution should be granted; and that since there were no prospective payments to be made under the order for support, the application for modification should be denied. A formal order to this effect was signed on May 1, 1957. On June 5, 1957, the court, on its own motion, signed an order amending the order of May 1, 1957, *nunc pro tunc,* and denied defendant's motion to vacate the previous order quashing the execution. Defendant appeals from all of these purported orders. They will be considered under the appeal from the final order and judgment.

■ Regardless of the reasoning used by the trial judge in granting the motion to recall and quash the execution, the order may well be affirmed and supported on the showing made by plaintiff that the sum for which the execution was issued was not the proper amount due and was falsely represented by defendant to be due. Under such circumstances, the trial

court is authorized to recall the execution. (See *Wilkins* v. *Wilkins*, 95 Cal.App.2d 605 [213 P.2d 748], where this question was determined. See also *Hale* v. *Hale*, 6 Cal.App.2d 661 [45 P.2d 246].)

Section 681 of the Code of Civil Procedure provides that the party in whose favor judgment is given may, at any time within 10 years after the entry thereof, have a writ or order issued for the execution or enforcement of the judgment. Formerly the section provided "within five years after the entry." (See amendment, Stats. 1955, chap. 754, p. 1248, § 1.) Section 685 provides that in all cases the judgment may be enforced or carried into execution after the lapse of 10 years (formerly five years) from the date of its entry, by leave of the court, upon motion, and after due notice to the judgment debtor accompanied by an affidavit or affidavits setting forth the reasons for failure to proceed in compliance with the provisions of section 681 of this code. The failure to set forth such reasons as shall, in the discretion of the court, be sufficient, shall be ground for the denial of the motion.

In construing these sections under the five-year statute the Supreme Court, in *Lohman* v. *Lohman* (1946), 29 Cal.2d 144 [173 P.2d 657] held that a creditor is entitled, as a matter of right, to execution on a judgment payable in installments for all amounts which have accrued within five years (now 10) of the date of the application. As to a judgment beyond that period, the issuance of an execution is discretionary, depending upon the circumstances. Where issuance of an execution on a judgment requiring monthly payments is sought upon payments accruing within the five-year (now 10-year) period and where such facts are established, a prima facie right to execution exists and the burden is cast upon the judgment debtor to establish facts justifying an order denying the writ. The rule is that any award made to a spouse during the pendency of a divorce action, or in the decree, may be enforced by execution, and that a party is entitled, as a matter of right, to execution of a judgment directing payment of monthly sums for support as to all sums that have accrued within 10 years from the date of the application for such execution. Such an application may be made ex parte and it is immaterial that the award itself may have been made more than 10 years prior thereto. But that part of an ex parte order directing the issuance of execution for alimony payments that accrued more than 10 years previously is void, and the execution and sale pursuant to the

order are also void where made without notice and not accompanied by supporting affidavits. ■ As to installments that accrued over 10 years before the issuance of an execution, the writ can only issue under section 685 of the Code of Civil Procedure. Issuance of execution under this provision is within the discretion of the court, and its order will not be disturbed unless there has been an abuse of that discretion. (16 Cal.Jur.2d pp. 528-529, § 240; 19 Cal.Jur.2d p. 335, § 22; *Anderson* v. *Anderson,* 129 Cal.App.2d 403 [276 P.2d 862].)

It has been held that in a divorce action including monthly support, even though the original decree was entered over five years before (10 years now), execution will issue under section 681 of the Code of Civil Procedure for installments falling due within the five-year period (now 10). (*Cochrane* v. *Cochrane,* 57 Cal.App.2d 937, 938 [135 P.2d 714]; *Wolfe* v. *Wolfe,* 30 Cal.2d 1, 4 [180 P.2d 345]; *Di Corpo* v. *Di Corpo,* 33 Cal.2d 195, 201 [200 P.2d 529]; *Messenger* v. *Messenger,* 46 Cal.2d 619, 629 [297 P.2d 988].)

The case of *Ford* v. *Ford,* 144 Cal.App.2d 677 [301 P.2d 450], relied upon by the trial judge, contains other issues, but in reversing the judgment the court was instructed to order execution to issue under section 681 of the Code of Civil Procedure for the five-year period just prior to May, 1944. Other cases relied upon by the trial judge are not opposed to this construction. ■ The authorities further demonstrate that the court, upon proper application, may terminate future payments of support, but may not modify the decree in respect to accumulated payments past due. (*Parker* v. *Parker,* 203 Cal. 787 [266 P. 283]; *Wilkins* v. *Wilkins, supra.*)

Order to recall and quash execution affirmed.

Mussell, Acting P. J., and McCabe, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.