[Civ. No. 23813. Second Dist., Div. Two. Feb. 17, 1960.]

WILLIAM GILES CAMPBELL, Respondent, v. EMMA KOZAK CAMPBELL, Appellant.

Ralph Monkarsh for Appellant.

Wallenstein, Field & Linz and Bertram L. Linz for Respondent.

ASHBURN, J.—This appeal grows out of the terms of a property settlement agreement and an interlocutory judgment of divorce. The agreement, made April 8, 1946, provided in paragraph V for monthly payments to the wife of $200 each during her lifetime, and further said: ''Each of the parties does hereby agree that neither of them will seek to modify or change the amount herein provided to be paid by Husband to Wife and further stipulate and agree that the court in any proceedings may base an order upon the foregoing provision of this contract and order and direct Husband to make the payments herein provided for.'' This was subject, however, to the terms of paragraph VIII: ''Husband further agrees that after two years from date hereof the Wife, if she so desires, may apply to a court of competent jurisdiction for an allowance for reasonable and necessary medical treatment in cases of serious illnesses or physical conditions at any time subsequent to the said two-year period and Husband agrees that he will pay for such medical care and treatment such amount as said court may determine to be necessary, just and reasonable in view of the then present circumstances of the parties.'' Divorce was granted to the wife and the agreement was ''ratified, approved and confirmed'' by the court, and ''specifically incorporated'' *in toto* and *haec verba* in the interlocutory decree and ''expressly made a part of this judgment.'' The decree was entered on April 15, 1946.

On August 30, 1957, the defendant wife (appellant herein) procured an order directing the husband to show cause why he should not be ordered (1) to pay plaintiff the sum of $400

monthly alimony, (2) to pay plaintiff $6,000 for medical expenses incurred, (3) to pay her $455 for education expenses of the child of the parties, and (4) to pay her attorney's fees for the purposes of said hearing. After a full hearing the court held that the provision for payment of alimony was part of an integrated property settlement agreement and not subject to modification; that "it does not appear that defendant is suffering from a 'serious illness or physical condition' at this time"; that the court had no jurisdiction to reimburse the wife for money previously paid for education of the child[1]; that she was not entitled to an award of attorney's fees. The motion was denied and hence this appeal.

The principal question now presented, the right or duty of the trial judge to increase appellant's alimony allowance, is governed by *Plumer* v. *Plumer,* 48 Cal.2d 820, 824 [313 P.2d 549], and similar cases such as *Plumer* v. *Superior Court,* 50 Cal.2d 631 [328 P.2d 193] ; *Messenger* v. *Messenger,* 46 Cal.2d 619, 626 [297 P.2d 988] ; *Dexter* v. *Dexter,* 42 Cal.2d 36, 40-41 [265 P.2d 873] ; *Fox* v. *Fox,* 42 Cal.2d 49, 52 [265 P.2d 881] ; *Flynn* v. *Flynn,* 42 Cal.2d 55, 61 [265 P.2d 865]. ▇▇ They establish the rule that an alimony award based upon the terms of an integrated property settlement agreement which has been incorporated into the interlocutory decree can be modified only to the extent and in the manner prescribed by the underlying agreement. ▇▇ "An agreement is integrated if the parties have agreed that the provisions relating to division of property and the provisions relating to support constitute reciprocal consideration. The support provisions are then necessarily part and parcel of a division of property. Such an agreement would be destroyed by subsequent modification of a support order based thereon, without the consent of the parties." (*Plumer* v. *Plumer, supra,* 48 Cal.2d 820, 824.) ▇▇ That the agreement at bar is such an integrated one seems plain.

It recites that the parties are "desirous of forever settling their respective rights and duties relative to the custody, support and maintenance of said minor child and the support and maintenance of the Wife, and their rights concerning the property now owned and held by the parties." All of its provisions are made "in consideration of the mutual covenants and agreements hereinafter contained." The properties owned by the spouses are listed and divided, provision made for quitclaim deeds, and then the matter of support for the wife and

---

[1]The portion of the agreement relating to this matter is quoted *infra.*

child is covered. The alimony provision, paragraph V, is in this language: ''Husband agrees to pay to Wife, as and for her support and maintenance, alimony in the sum of Two hundred dollars ($200) per month, One Hundred dollars ($100) payable semi-monthly on the first and fifteenth day of each and every month, beginning with the payment of $100 on the 1st day of May, 1946, and continuing at the rate of $100 on each first and fifteenth day of each and every month thereafter during Wife's lifetime provided that in event of the Wife's remarriage (should she be free to remarry) said sum shall be reduced to $100 per month.'' Here follows the paragraph above quoted forbidding any attempt to modify the amount of support for the wife, except that she is given the limited right to seek a change in the amount of payments on account of serious illnesses or physical conditions in accordance with paragraph VIII above quoted: Paragraph XI says: ''Wife does hereby waive, abandon and relinquish any and all rights which she has or which she might hereafter have to claim or receive from the Husband any separate maintenance, alimony, support, costs, or attorney's fees, excepting as provided by this agreement, which right or claim may be asserted in any action now pending or that either of the parties hereto might hereafter commence for the divorce or separate maintenance or which right or claim may be asserted in any other manner at any other time . . .'' Paragraph XIII: ''Each of the parties does hereby waive, abandon and relinquish any claims and rights which either might have in or to the income of the other from all sources whatsoever from this date on . . .'' Paragraph XVII: ''The parties agree that the within agreement constitutes a full and complete settlement of the property marital and other rights of the parties.'' Incorporation of the agreement into any divorce decree is also provided for.

Clearly, the provisions relating to property division and those for support constitute reciprocal consideration. Paragraph V shows that the monthly payments to the wife are not intended as separable or as alimony for they extend through any remarriage of the wife, which true alimony does not do. (Civ. Code, § 139.) The instant agreement presents all the aspects of an integration, as enumerated in *Plumer* v. *Plumer, supra,* 48 Cal.2d 820, at page 825: ''An agreement providing that the purpose of the parties is to reach a final settlement of their rights and duties with respect to both property and support, that they intend each provision to be in consideration for each of the other provisions, and that

they waive all rights arising out of the marital relationship except those expressly set out in the agreement, will be deemed conclusive evidence that the parties intended an integrated agreement.''

 The court had no jurisdiction to modify except in conformity with paragraph VIII, *supra,* i.e., to make an allowance for ''reasonable and necessary medical treatment in cases of serious illnesses or physical conditions . . . in view of the then present circumstances of the parties.'' It found upon conflicting evidence that no such serious illness or physical condition existed. Impliedly it also found that the existing circumstances of the parties would make it unjust to require an increase in the alimony payments. This too was based upon conflicting evidence. Appellant undertakes to overthrow these findings, especially the one concerning absence of serious illness or physical condition, but does not review all the evidence. One who would overturn a finding of fact or a discretion resting upon such finding, must ''demonstrate'' the absence of substantial supporting evidence. (*Nichols* v. *Mitchell,* 32 Cal.2d 598, 600 [197 P.2d 550]; *Primm* v. *Primm,* 46 Cal.2d 690, 693-964 [299 P.2d 231]; *Roberts* v. *Salot,* 166 Cal.App.2d 294, 296 [333 P.2d 232].) This cannot be done through discussion of only a portion of the pertinent evidence. (*Cf. Abrams* v. *Bendat,* 165 Cal.App.2d 89, 92 [331 P.2d 657].)

 With respect to this matter, as in the case of money spent upon the education of the child, appellant sought reimbursement of sums already paid or incurred, not an order made for payments in the future. The specific requests were ''$6,000.00 for medical expenses incurred'' and ''$455.00 for education expenses of said child.'' The pertinent provision of the agreement concerning education of the boy is set forth in the margin.[2] The agreement plainly contemplates allowances for future expenditures, made after opportunity to respondent to be heard upon the merits. As a matter of general law the court had no authority to make an order for reimbursement as distinguished from an order for future support; no jurisdiction was reserved for any broader purpose. (*Dimon* v. *Dimon,* 40 Cal.2d 516, 524 [254 P.2d 528]; *Dougal* v. *Dougal,*

---

[2] ''Further, the Husband agrees that should the said minor child desire a college or university education that he will pay the reasonable and necessary costs and expenses of such education notwithstanding the said minor child may at that time be over the age of twenty-one years.''

143 Cal.App.2d 272, 276 [299 P.2d 404].) Appellant presents no argument to the contrary.

The denial of an attorney's fee was not error. The agreement in paragraph XI expressly waives all future rights to costs or attorney fees except as preserved by paragraph XIX: "Husband agrees that should it be necessary for Wife to take any legal action to enforce any of the terms and provisions of this agreement, he will pay to Wife a reasonable attorney's fee to be fixed by the court in any action or proceeding which Wife may take to enforce the terms and provisions of this agreement and in which she prevails." The fact that appellant did not prevail upon her order to show cause concerning alimony, etc., is sufficient answer to her claim of a right to attorney fees.

No other questions require discussion.

The order now on appeal is affirmed.

Fox, P. J., and Herndon, J., concurred.