[Civ. No. 25307. Second Dist., Div. Two. Mar. 1, 1962.]

ANNE RUTH ALCALAY, Plaintiff and Appellant, v. S. GEORGE ALCALAY, Defendant and Respondent.

Gladys Towles Root, Eugene V. McPherson and Alexander L. Schulman for Plaintiff and Appellant.

Barbara Warner and Warner, Sutton & Warner for Defendant and Respondent.

FOX, P. J.—Plaintiff appeals from that portion of the interlocutory decree which awarded her alimony of only $1.00 per year and denied her counsel fees and court costs.

Plaintiff and defendant were married in June 1952 and separated in September 1959. They have one child, Judith Leiba, born in March 1955. Plaintiff was awarded an interlocutory decree of divorce on the ground of cruelty. She was also awarded custody of the minor child. The father was ordered to pay plaintiff $25 per week for the support and care of the child.

The husband is employed by the State of California as an auditor and earns $644 gross per month. His take-home pay is said to be $486.58. As a result of his employment by the State, the husband had accumulated $3,988.37 in the State Employees' Retirement System which was community property. The decree provided that the plaintiff have a money judgment against defendant for $2,500 in lieu of her community interest in the State Employees' Retirement Fund and as part of the division of the community property; that said amount with interest thereon at the rate of 7 per cent per annum shall be paid to her in installments of $75 per month, including interest, commencing March 1, 1960, and continuing until said sum and interest have been paid in full. Certain furniture and furnishings and tools were awarded to plaintiff while other household furnishings, camera equipment and machine tools were awarded to defendant. The court divided equally a fund of $220 which defendant had in his possession. It was also determined that a 1950 Dodge automobile was the separate property of defendant and that certain described real

property in Portland, Oregon, was the separate property of plaintiff.*

Prior to the marriage, plaintiff had been employed at J. W. Robinson's as assistant to the manager of Accounts Receivable. For some time prior to the separation, plaintiff devoted practically full time to the care of her ailing mother. The testimony as to whether she received compensation therefor was in sharp conflict. The court made no express finding on this matter. In order to render this service for her ailing mother, it was necessary for her to place the child with a third party. The expense therefor was paid by her brothers. There was testimony indicating that plaintiff was in ill health and that she was under the care of a physician. The court made no finding, however, as to her physical condition nor as to whether she was physically able to carry on remunerative employment. There was also testimony indicating that defendant was in need of extensive dental work that was quite expensive and a new hearing aid.

Plaintiff had paid her counsel a total of $1,750. Of this amount her trial counsel had received $1,000 from funds that her mother provided. Plaintiff had personally paid her previous counsel $750.

The trial court found, *inter alia,* that plaintiff is without funds and has no means of financial support for herself and the minor child of the parties; that she has necessarily employed counsel to represent her in the instant action and that they have been paid as above indicated.

The court concluded, among other things, that plaintiff is entitled to alimony from the defendant; awarded her $1.00 per year; and specifically provided that the court "retains jurisdiction to provide further alimony and support of the plaintiff if necessary"; also "[t]hat no additional attorneys' fees are awarded to plaintiff or her present counsel at this time."

In seeking a reversal, plaintiff's basic contention is that the court abused its discretion in awarding her only token alimony and in failing to award her counsel fees and court costs.

 The question of making a nominal award of alimony for the purpose of retaining jurisdiction to deal with future possibilities is one which, like other matters pertaining to

---

*According to plaintiff's testimony she held this property, which was improved but not of great value, in trust for her mother, and upon her death, in trust for her two brothers and herself. No income was being received from it.

the allowance of alimony, is committed to the sound discretion of the trial court. (*Bird* v. *Bird,* 152 Cal.App.2d 99, 100 [312 P.2d 773] ; *Schraier* v. *Schraier,* 163 Cal.App.2d 587, 589 [329 P.2d 544].) In exercising its discretion with respect to an allowance for support, the court must take into account "the circumstances of the respective parties." (Civ. Code, § 139.) These include "the needs of the parties and the abilities of the parties to meet such needs; and in measuring such circumstances, consideration should be given to property owned and obligations to be met as well as to ability to earn and actual earnings." (*Hall* v. *Hall,* 42 Cal.2d 435, 442 [267 P.2d 249] ; *Strohm* v. *Strohm,* 182 Cal.App.2d 53, 57 [5 Cal. Rptr. 884].)

 Defendant's take-home pay was $486.58 per month. The total payments he is required to make to his wife for the support of the child and on account of her community property share in his retirement fund, which will not be used up for some time, amounts to approximately $183 per month, or 37 per cent of his net earnings. This leaves defendant $303 per month. The trial court was entitled to take into account the fact that plaintiff had had previous experience in business; that she had devoted herself to the care of her mother for a long period on substantially a full-time basis; that her brothers paid for the care of the child; and that there was evidence indicating that they were also paying her $65 per week for the care of their mother. The court may well have concluded that the plaintiff was not in such ill health as to incapacitate her for gainful employment, for it is the trial court's province to pass upon the credibility of the witnesses and to determine the weight to which their testimony is entitled and in so doing, the trial judge is entitled to take into account the interest that a party has in the outcome of the litigation. (*Huth* v. *Katz,* 30 Cal.2d 605, 609 [184 P.2d 521].) Bearing in mind that the trial court has a wide discretion in alimony matters and that by granting a nominal award the court thereby retained jurisdiction to make appropriate adjustment as changed conditions might require, it cannot be said that the court abused its discretion when "all the circumstances of the respective parties" are taken into account and evaluated.

Plaintiff cites and relies on *Fine* v. *Fine,* 76 Cal.App.2d 490 [173 P.2d 355]. It is not of any assistance. There the court reduced the wife's support to $30 per month although the husband's net income was approximately $1,500 per month,

and the wife had been under a doctor's care for five years, had not been employed, and been devoting her time to the care of their semi-invalid daughter, had no property or income of her own and had been dependent for some time on contributions of her relatives for support. Obviously the *Fine* case bears no factual resemblance to the case at bench.

. The subject of attorneys' fees and court costs also lies within the sound discretion of the trial court. ▆▆ The controlling principle is thus stated in *Primm* v. *Primm*, 46 Cal.2d 690 [299 P.2d 231], at page 696: ''The motion for the allowance of counsel fees and costs in a divorce action is addressed to the sound discretion of the trial court, and in the absence of a clear showing of abuse, its determination will not be disturbed on appeal. [Citations.]'' ▆▆ Here plaintiff had already paid previous counsel as well as trial counsel substantial fees. No showing is made that trial counsel was entitled to any additional fees. No question is here presented with respect to fees for this appeal. It was, of course, necessary for defendant also to have counsel which meant incurring an obligation therefor, the amount of which, however, does not appear. Nor does it appear whether such fees have been paid in full or are in the process of being paid on an installment basis. In any event, payments on account of defendant's attorneys' fees would no doubt cut in substantially on the $303 per month which he has left after making the required payments to plaintiff. To further impinge upon the amount thus left for defendant's living expenses may properly have been regarded by the trial judge as unreasonable.

The trial court having failed to make any order with respect to payment of costs, each party is left to pay his or her own costs. As indicated in *Primm, supra,* that is a matter that is also left to the sound discretion of the trial court. No showing of an abuse of such discretion appears.

The portion of the judgment and interlocutory decree from which plaintiff has appealed is affirmed.

Ashburn, J., and Herndon, J., concurred.