[Civ. No. 26801.   Second Dist., Div. Two.   June 6, 1963.]

PHILIP J. McCARTHY, Plaintiff and Respondent, v. MARY L. McCARTHY, Defendant and Appellant.

Barnet M. Cooperman for Defendant and Appellant.

Greenbaum, Baker & Ancel and Mary G. Ancel for Plaintiff and Respondent.

HERNDON, J.—Mary L. McCarthy appeals from orders of the trial court (1) refusing to hear her application for an increase in the alimony payments theretofore awarded her; and (2) denying her application for an allowance of costs and attorney's fees on her appeal from the first mentioned order on the ground that said appeal is frivolous.

The facts are not in dispute. Appellant was awarded alimony by the terms of the interlocutory and final decrees of divorce entered in this cause, and on March 30, 1960, pursuant to stipulation, said alimony award was increased to $400 per month. On January 19, 1962, appellant obtained the issuance of an order to show cause whereby she sought a modification of the prior judgment, as theretofore modified, requiring respondent husband "to pay the cost of the . . . reasonable and necessary extraordinary hospital and medical ex-

penses, in the sum of $983.78 . . .'' incurred by appellant in connection with an "acute lumbosacral sprain, the onset of which occurred in October, 1961.''

It appears to be conceded, at least for the limited purpose of passing upon the rulings made by the trial court, that these expenses resulted from appellant's being taken directly from the doctor's office to a hospital where required treatment was administered.

It also appears to be conceded that when appellant's application first came on for hearing, the court raised the question of its jurisdiction to make the order requested, i.e. a "post-judgment" order requiring the husband to pay appellant's medical bills. This issue was submitted to the court upon briefs filed by the parties. Appellant contended that, despite the clear language of the order to show cause which she caused to be issued, her application should be construed as one requesting a modification of the judgment with respect to future alimony payments. The reasonableness and propriety of this interpretation were challenged by respondent.

The minute order thereafter entered by the court on February 27, 1962, merely stated that "modification is denied.'' Since it appears that no evidence was introduced at this hearing, it seems manifest that the court below concluded that it lacked the *power* to modify the judgment so as to require the husband to pay, in addition to the alimony previously awarded to appellant, amounts due directly to third parties on account of indebtedness contracted by appellant after the judgment had become final.

Thereafter on March 13, 1962, appellant obtained the issuance of another order to show cause whereby she sought to have her alimony increased to $450 per month. As the basis for her showing of a change in conditions and circumstances justifying such a modification, she alleged nothing other than the fact that she had incurred the extraordinary medical expenses above described.

The following language from *Metson* v. *Metson,* 56 Cal.App. 2d 328, 331 [132 P.2d 513], appears applicable here: "The theory of appellant seems to be that in order to give a trial court jurisdiction to issue an order to show cause in such a case the petition must allege all the evidentiary facts that would have to be shown at the hearing of the motion. Whatever may be the rule in reference to ordinary controversies between litigants as to the necessity of pleading all the facts, this proceeding is not an ordinary proceeding.''

Moreover, it clearly appears from the record here that neither party raised any question in the court below with respect to the sufficiency of the facts alleged by appellant in support of her application.[1] And as declared in *Metson* v. *Metson, supra,* at page 333, ". . . the failure to allege certain of the evidentiary facts does not deprive the court of . . . jurisdiction." ██ In the instant case, however, the court emphatically declared that it lacked the *power* to modify the divorce judgment retroactively so as to require the payment of appellant's postjudgment medical expenses, and therefore that it likewise lacked the power to increase appellant's support payments where the existence of the postjudgment medical expenses constituted the changed circumstances alleged to justify the requested increase.

Clearly, this determination was erroneous. Section 139, Civil Code, expressly provides that support allowances may be modified *at any time* at the discretion of the court. It certainly would be both a novel and an inequitable interpreta-

---

[1] "The Court: My ruling [February 27, 1962] was that I had no jurisdiction to make an order for the payment of medical expenses retroactively. Mr. Cooperman: Correct. The Court: You agree with that, do you? Mr. Ancel: Yes, that's correct, your Honor. Mr. Cooperman: And I also agree, your Honor, that— The Court: And I also made the statement—if I didn't I will make it now—but I am sure I must have made the statement that their remedy is to come in and ask for—if she is in need of medical assistance, has doctor bills, that she should come and ask the Court that he pay reasonable and necessary medical and hospital expenses for her. Mr. Ancel: For those matters to be incurred, your Honor. The Court: That's right. Mr. Ancel: And there is no allegation that there are additional medical expenses to be incurred. The allegation is that she has, in the past, incurred these medicals, and the wording is— The Court: Let me see what the wording says here now? Mr. Cooperman: That is the same, your Honor. These bills have been incurred in the past. They were incurred, however, on an emergency basis. She had no time to come into this Court or any other court before incurring these expenses. Mr. Ancel: The affidavit does not so state. The Court: What is the reason for the increase here? There is no reason given for the increase from $400 to $450 a month. Mr. Cooperman: *The reason, your Honor, is the incurring of these extraordinary bills which she does not have the ability to pay under the present order.* The Court: You mean for the ones she has already incurred, this one we had heard before? Mr. Cooperman: It is these bills that we are directing the Court's attention to. The Court: I want to get clear what bills we are talking about. Mr. Cooperman: That is correct, your Honor. We have alleged the bills in question. The Court: And those were the bills that the Court considered before, and said that it did not have the jurisdiction to order the defendant to pay for such expenses retroactively. Mr. Cooperman: Now, I agree, your Honor— The Court: I want to get clear in my own mind that we are talking about the same thing. And this $450 a month, an increase of $50 a month, is to secure sufficient funds so that she can pay these past incurred medical and hospital expenses. Mr. Cooperman: That is correct, your Honor. The Court; Denied." (Italics added.)

tion of this clear language which would require a wife to seek an order prior to, or in anticipation of, a change of circumstances or be barred when the actual change in circumstances in fact occurs. This would seem particularly clear in cases such as the instant one where the emergency created by the changed circumstances made it completely impossible for appellant to seek an increase in her alimony allowance prior to incurring the increased expenditures essential for her physical health.

Decisions cited, such as *McKay* v. *McKay*, 125 Cal. 65, 71 [57 P. 677]; *Dougal* v. *Dougal*, 143 Cal.App.2d 272, 276 [299 P.2d 404]; and *Campbell* v. *Campbell*, 178 Cal.App.2d 77, 82-83 [2 Cal.Rptr. 710], are not in point, for they merely hold that a party may not seek *reimbursement* for expenditures *previously and voluntarily* made for the support of the moving party or the minor children. Not even by inference could these holdings be deemed authority for the proposition that existing, *but unpaid,* indebtedness incurred by the moving party may not properly be considered in determining whether circumstances have changed sufficiently to justify a modification of a prior order. (Cf. *Gay* v. *Gay*, 146 Cal. 237, 242-244 [79 P. 885], and *Jaeger* v. *Jaeger*, 73 Cal.App. 128, 130 et seq. [238 P. 139].)

█ Respondent also asserts in his brief that the denial, without hearing, of appellant's motion of January 19, 1962, seeking to have respondent ordered to pay her existing postjudgment medical expenses in addition to her alimony allowance is res judicata with respect to her present application for an increase in alimony based upon changed circumstances. Clearly, this contention is not well taken, both because respondent did not raise this issue in the trial court (*Dillard* v. *McKnight*, 34 Cal.2d 209, 219 [209 P.2d 387, 11 A.L.R.2d 835]; *Wolfsen* v. *Hathaway*, 32 Cal.2d 632, 638 [198 P.2d 1]), and because the only issue determined by the denial of the prior motion was the lack of *power* in the court to grant the order sought therein. It did not, and could not have, passed upon such questions as the needs of the parties or their abilities to meet such needs—questions which are relevant and material to a determination of appellant's instant application and which can be answered only after a hearing on the merits.

The granting of such a hearing will work no hardship on respondent. █ The burden of proving that circumstances have so changed as to justify a new order and one more favor-

able to her will rest upon appellant. (*Marxer* v. *Marxer*, 185 Cal.App.2d 400, 404 [8 Cal.Rptr. 323].) It may well be that after a hearing, the court will determine that in the light of the evidence presented, appellant's present support award is adequate for her needs, including her unpaid medical bills, but certainly she should not be foreclosed from attempting to make such a showing. ■ As stated in *Alcalay* v. *Alcalay*, 200 Cal.App.2d 820, 823 [19 Cal.Rptr. 649]:

"In exercising its discretion with respect to an allowance for support, the court must take into account the 'circumstances of the respective parties'. [Citation.] These include 'the needs of the parties and the abilities of the parties to meet such needs; and in measuring such circumstances, consideration should be given to property owned and *obligations to be met* as well as ability to earn and actual earnings.' [Citations]." (Italics added.)

■ Regarding the denial of appellant's application for an award of attorney's fees and costs on appeal, the record is clear that the trial court based its action solely on the ground that her appeal was without merit. The court concluded its ruling thereon by stating: "Of course, you can always come in after the appeal is over and ask for fees if you prevail." In view of our disposition of the appeal from the other order, the question of an appropriate award for attorney fees likewise should be remanded for determination in a manner consistent with this opinion.

The orders presented for review are reversed, and the cause is remanded for further appropriate proceedings.

Fox, P. J., and Ashburn, J., concurred.