[Civ. No. 32779.    Second Dist., Div. Four.    May 29, 1969.]

MARY F. SANFORD, Plaintiff and Appellant, v. JOSEPH C. SANFORD, Defendant and Respondent.

Thomas C. Lynch, Attorney General, Edward M. Belasco and Anthony M. Summers, Deputy Attorneys General, for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

KINGSLEY, J.—In a proceeding held pursuant to the Reciprocal Enforcement of Support Law (Code Civ. Proc., §§ 1650 et seq.), defendant, on June 16, 1964, was ordered to make payments to the court trustee for the support of his four children at the rate of $20 per week. On January 14, 1966, on an affidavit alleging that no payments had been made and that he was in arrears and delinquent in the amount of $1,540, defendant was cited to show cause why he should not be held in contempt. In that proceeding, it was developed that two of the children had been residing with him from June 15, 1965. On March 28, 1966, the court trustee was ordered to credit defendant with respect to arrearages on account of those children and enforcement of the order of June 16, 1964, was suspended as to those two children. On the representation that defendant would pay an additional $1 per week on the net arrearage, the contempt was dismissed. The order, as thus modified, was confirmed on February 16, 1967, after a further hearing.

On March 22, 1967, the court trustee obtained an order for a writ of execution in the amount of $2,780. The affidavit filed in support of that order recited the original terms of the order of June 16, 1964 ($20 per week) and made no reference to the credits ordered on March 28, 1966. $52.65 was recovered under that writ.

On June 27, 1967, in a proceeding for modification initiated by defendant, the court found that, as of that date, only one child—Annie—was still entitled to support: one daughter had

married; one son was in the army; and one son was at a youth center. The court then entered the following order:

"Defendant is ordered to pay $5 per week for the support of Annie payable each Saturday commencing July 1, 1967.

"The Court Trustee is instructed to credit defendant's account in accordance with the stipulation that will be worked out between the District Attorney and defendant's attorney.

"The District Attorney is directed not to cause any Writs of Execution on defendant so long as he pays at least $5 per week."

A motion for rehearing was made and denied. The present appeal is from that portion of the order restraining the district attorney from obtaining any further writs of execution so long as the $5 per week for Annie is paid.[1]

■ We agree with appellant that the court was without power permanently to prevent the collection of any past due arrearages, since, in this state, an order for child support is not retroactively modifiable. (*Simonet* v. *Simonet* (1968) 263 Cal.App.2d 612 [69 Cal.Rptr. 806].) But the court does have power to prevent the abuse of its processes. It is clear from this record that one writ had been obtained by the court trustee, through his statutory counsel the district attorney, by an affidavit which did not accord with the true facts. So far as the record shows, no stipulation of the kind contemplated by the second paragraph of the order of June 27th has yet been made. The possibility of further inaccuracies, as well as of legitimate dispute over the allowable credits, is apparent. The portion of the order herein appealed from is, as is any order in a support proceeding, subject to prospective modification on a proper showing. The district attorney could, at any time, have sought such a modification by a showing of the true state of affairs. We see nothing in the order to prevent such an application. To avoid any confusion, we make an appropriate modification in the language of the order to express what we are sure was the trial court's real intention.

The final typewritten paragraph of the order of the superior court, made on June 27, 1967, in proceeding numbered RESL 38027, is modified to read as follows:

"The District Attorney is directed not to cause any writs of execution on defendant to issue in this matter except on order of court, made after hearing and on notice to defendant, except such as may be necessary to collect the payment of $5

<hr>

[1] No appeal was taken from the order of March 28, 1966, nor from the other portions of the order of June 27, 1967.

per week for the support of his daughter Annie as heretofore in this order directed.''

As so modified, the order appealed from is affirmed. Neither party shall recover costs on appeal.

Files, P. J., and Jefferson, J., concurred.