[Civ. No. 11682. Fourth Dist., Div. Two. Mar. 15, 1972.]

In re the Marriage of BARBARA A. and MILAN F. FORD.
BARBARA A. FORD, Respondent, v.
MILAN F. FORD, Appellant.

**COUNSEL**

Grogan, Vogelgesang & von Dioszeghy and Adam von Dioszeghy for Appellant.

Bock & Gergely and Alfred J. Gergely for Respondent.

**OPINION**

**TAMURA, J.**—This appeal involves the question whether a support order in a decree of dissolution of marriage awarding custody of a child to the wife and requiring the husband to make periodic child support payments may be modified to require the husband to pay the cost of unanticipated medical and hospital care rendered on behalf of the child prior to the filing of a motion for modification of the support order.

The pertinent facts may be summarized as follows:

The interlocutory decree of dissolution of marriage awarded custody of the couple's children to the wife (respondent) and ordered the husband (appellant) to make the following periodic child support payments: "Respondent [husband] be, and he is hereby directed to pay petitioner [wife] for the support and maintenance of the minor children of the parties the sum of $22.50 per week for each child, or a total of $90.00 per week, payable on the Friday of each and every week, commencing May 8, 1970, and continuing until further order of this Court." On August 7, 1970, a final

decree was entered continuing in force all of the orders contained in the interlocutory decree.

In January 1971 respondent filed an order to show cause for modification of the child support order to require appellant to pay a portion of the medical bills incurred by respondent for an appendectomy performed on one of the children in August 1970.[1] Respondent's declaration in support of the application stated that although appellant's medical insurance partially covered the medical and hospital expenses for the appendectomy, there remained outstanding two doctors' bills (one for $245 and one for $68.50) and that respondent did not have sufficient funds to pay them.

Appellant responded to the order to show cause and also countered with a motion to terminate spousal support on the basis of changed circumstances including the fact that he had remarried and that his current wife was expecting a child. Following a concurrent hearing on both matters, the court reduced the spousal support from $25 per week to $1.00 per year and modified the child support order in several respects including the following: "Respondent shall pay all medical and dental expenses in excess of $10.00 per month per child. This requirement shall be retroactive to August 1970 in connection with the appendectomy of the minor child Cheryl." Appellant appeals from the quoted portion of the modified child support order.[2]

Appellant's sole contention is that insofar as the order from which the appeal has been taken requires payment of medical expenses incurred for the appendectomy, it constitutes an invalid retroactive modification of accrued child support payments in violation of Civil Code section 4700.

Civil Code section 4700, is a consolidation of provisions relating to child support previously contained in former Civil Code sections 137, 139, 139.1,

---

[1] The declaration does not reveal the date the appendectomy was performed. Presumably it was after the final decree which was entered on August 7.

[2] The order was entered on March 15, 1971, and appellant filed a notice of appeal therefrom on May 11, 1971. On May 17, 1971 an amended order was filed amending the quoted portion of the order to read as follows:

"Paragraph 3 of the Order for Payment dated March 15, 1971 is hereby amended as follows: Respondent [appellant] shall pay all medical and dental expenses in excess of $10.00 per month per child, effective as of March 1, 1971, with respect to CHRISTINE L. FORD, JOHN M. FORD and SUSAN B. FORD, and shall pay all medical and dental expenses in excess of $10.00 per month per child, effective as of August 1, 1970, with respect to CHERYL A. FORD."

No appeal has been taken from the order as amended. However, insofar as the amended order pertains to payment of medical expenses for the appendectomy, the amended order is substantially the same as the order from which the appeal has been taken.

and 139.8.[3] (Historical note § 4700, West's Civ. Code Ann.) Section 4700 provides in relevant part as follows: "(a) In any proceeding where there is at issue the support of a minor child, the court may order either or both parents to pay any amount necessary for the support, maintenance, and education of the child. Upon a showing of good cause, the court may order the parent or parents required to make such payment of support to give reasonable security therefor. Any order for child support may be modified or revoked as the court may deem necessary, except as to any amount that may have accrued prior to the date of the filing of the notice of motion or order to show cause to modify or revoke. The order of modification or revocation shall be made retroactive to the date of filing of the notice of motion or order to show cause to modify or revoke."

There have been no cases as yet under Civil Code section 4700, dealing with the question of retroactive modification of child support orders.[4] However, cases interpreting the former Civil Code sections now consolidated in section 4700 have consistently held that an order requiring periodic payments for child support may, on proper application and showing, be modified prospectively but cannot be modified retroactively as to accrued amounts. (*Parker* v. *Parker*, 203 Cal. 787, 795 [266 P. 283]; *Williams* v. *Williams*, 8 Cal.App.3d 636, 639 [87 Cal.Rptr. 754]; *Sanford* v. *Sanford*, 273 Cal.App.2d 535, 537 [78 Cal.Rptr. 144]; *Bryant* v. *Bryant*, 161 Cal. App.2d 579, 583 [326 P.2d 898]; *Scarlett* v. *Scarlett*, 151 Cal.App.2d 237, 239 [311 P.2d 188].)

In essence appellant's position appears to be that the extent of his child support obligation during the period in which the medical expenses for the appendectomy were incurred was the fixed periodic payments and that, therefore, the order requiring him to pay the medical expenses constituted a retroactive modification of accrued support payments in violation of section 4700. We are unpersuaded.

■ The order for payment of the expenses incurred for the child's appendectomy did not constitute an invalid retroactive modification of accrued support payments. In ordering payment of the medical expenses the

---

[3]Former Civil Code section 139, provided in pertinent part: "That portion of the decree or judgment making any such allowance or allowances . . . may be modified or revoked at any time at the discretion of the court except as to any amount that may have accrued prior to the order of modification. . . ."

[4]There are only three cases in the official reports to date involving section 4700 of the Civil Code (*Philbin* v. *Philbin,* 19 Cal.App.3d 115 [96 Cal.Rptr. 408]; *Schoch* v. *Superior Court,* 11 Cal.App.3d 1200 [90 Cal.Rptr. 365]; and *Miller* v. *Miller,* 11 Cal.App.3d 197 [89 Cal.Rptr. 643]). None dealt with the question of retroactive modification of support orders and other issues here pertinent.

court was simply exercising its reserved power to modify a child support order by reason of changed circumstances.

In *Jaeger* v. *Jaeger*, 73 Cal.App. 128 [238 P. 139], the court upheld a similar order under like circumstances. The facts in *Jaeger* were strikingly similar to the instant case. Several months after entry of a final decree of divorce which ordered the father to make monthly child support payments, the child became ill from tonsillitis and an operation was necessary. On application of the mother and with the consent of the father, an order was made for payment of certain specified medical expenses incurred in connection with that illness. However, the minor's illness continued and unexpectedly developed into pneumonia requiring further extensive medical and hospital care. The mother sought an order directing the father to pay the additional expenses incurred alleging his ability to pay and her inability to pay for the expenses from her earnings and the support payments she was receiving. The reviewing court affirmed the order requiring the father to pay the additional medical and hospital expenses, stating at page 135: "Neither section 137 nor section 138 of said code expressly provides for allowances for past support either of the wife or children; but considering the purpose of both, and that the first has been given such construction in support of an order based on facts analogous to those in the instant case—wherein it is apparent from the evidence that the allowance originally made for the support of the wife and child was insufficient to meet the necessities due to the illness of the child, that both were without other means sufficient therefor; that if the necessity was to be met the credit of the wife must be pledged, based upon the faith of a subsequent allowance by the court, and that to place the burden upon them or either would in effect deprive them of the possibility of living upon the allowance provided for the future—we are led to the conclusion that the language of section 138, Civil Code, as amended, makes it equally clear that the section permits an order under similar conditions to accomplish like results."

Although the provisions of former Civil Code section 139, proscribing modification of a support order "as to any amount that may have accrued prior to the order of modification" was not in effect at the time *Jaeger* v. *Jaeger, supra,* 73 Cal.App. 128, was decided, that statutory proscription was merely a codification of the prior long settled rule in California that child support orders were subject to modification only prospectively and not retroactively. (*Parker* v. *Parker, supra,* 203 Cal. 787, 795; *Harlan* v. *Harlan,* 154 Cal. 341, 349 [98 P. 32]; *McKay* v. *McKay,* 125 Cal. 65, 69-70 [57 P. 677].)

The rationale of *Jaeger* v. *Jaeger, supra,* 73 Cal.App. 128, was followed with approval by the Supreme Court in *Lufkin* v. *Lufkin,* 209 Cal. 710

[290 P. 8], and more recently by the Court of Appeal in *McCarthy* v. *McCarthy,* 216 Cal.App.2d 872 [31 Cal.Rptr. 428].

In *Lufkin* v. *Lufkin, supra,* 209 Cal. 710, the final decree of divorce provided that the child be kept in a suitable school, "the expense of his maintenance to be equally borne by each of said parties." In upholding an order requiring the father to pay the wife one-half of the sums she had expended for emergency medical care on behalf of the child, the Supreme Court stated at page 716: "The modification or amendment of the decree as made by the court does not enlarge the duty imposed upon the defendant by the original decree. It simply determines the amount due thereunder. The fact that the decree did not make specific provision for medical attendance of the minor is no defense to necessary expense incurred for such services. The decree may be modifid upon motion to include such services in proper cases. This question was fully discussed in *Jaeger* v. *Jaeger,* 73 Cal.App. 128 [238 P. 139], and we are satisfied with the court's conclusion in that case, which amply supports all the contentions made by plaintiff."

In *McCarthy* v. *McCarthy, supra,* 216 Cal.App.2d 872, the reviewing court held that the trial court was empowered to increase the wife's alimony allowance where the existence of postjudgment medical expenses constituted the changed circumstances on which the request was based. In interpreting former Civil Code section 139, relating to modification of support orders, the court stated at pages 875-876: "Section 139, Civil Code, expressly provides that support allowances may be modified *at any time* at the discretion of the court. It certainly would be both a novel and an inequitable interpretation of this clear language which would require a wife to seek an order prior to, or in anticipation of, a change in circumstances or be barred when the actual change in circumstances in fact occurs. *This would seem particularly clear in cases such as the instant one where the emergency created by the changed circumstances made it completely impossible for appellant to seek an increase in her alimony allowance prior to incurring the increased expenditures essential for her physical health.*

"Decisions cited, such as *McKay* v. *McKay,* 125 Cal. 65, 71 [57 P. 677]; *Dougal* v. *Dougal,* 143 Cal.App.2d 272, 276 [299 P.2d 404]; and *Campbell* v. *Campbell,* 178 Cal.App.2d 77, 82-83 [2 Cal.Rptr. 710], are not in point, for they merely hold that a party may not seek *reinbursement* [*sic*] for expenditures *previously and voluntarily* made for the support of the moving party or the minor children. Not even by inference could these holdings be deemed authority for the proposition that existing, *but unpaid,* indebtedness incurred by the moving party may not properly be considered in determining whether circumstances have changed sufficiently to justify a

modification of a prior order. (Cf. *Gay* v. *Gay*, 146 Cal. 237, 242-244 [79 P. 885], and *Jaeger* v. *Jaeger*, 73 Cal.App. 128, 130 et seq. [238 P. 139].)" (Italics supplied.)

Appellant urges that *Jaeger* v. *Jaeger, supra*, 73 Cal.App. 128, was overruled *subsilentio* by *Dimon* v. *Dimon*, 40 Cal.2d 516 [254 P.2d 528] (overruled on other grounds by *Hudson* v. *Hudson*, 52 Cal.2d 735, 745 [344 P.2d 295]). *Dimon* is clearly distinguishable from *Jaeger* and the instant case. In *Dimon* the wife obtained a divorce in Connecticut and later brought suit against the husband in California for past and future alimony and past and future child support. In discussing the law applicable to the request for payment for past child support, the court observed that the request for future child support was authorized but that no cases had "been referred to where an award for other than future support has been made," citing *McKay* v. *McKay, supra*, 125 Cal. 65. *McKay, supra*, held that while the court retained jurisdiction to modify an order respecting child custody and support, such jurisdiction was "not for the purpose of reimbursing her [wife] for any expenditures *she may have voluntarily made* in that behalf, but to provide for such expenses as may be subsequently incurred . . . ." (Italics supplied.) Neither *Dimon* nor *McKay* involved the power of the court to modify a child support order to require payment of outstanding bills incurred for unanticipated medical and hospital care.

■   Appellant's suggestion that there was no showing that the appendectomy performed on the child in the instant case was of such urgency that a prior court order for the payment of the medical and hospital costs incurred could not have been obtained before the operation was performed does not merit serious consideration. That issue was not raised in the court below and may not be raised for the first time on appeal. We would add that the primary concern being the welfare of the child, it is absurd to suggest that when the child became ill the mother should have first consulted her attorney instead of her doctor.

We conclude that the order requiring the father to pay the medical bills incurred for the child's appendectomy did not contravene the provision of Civil Code section 4700, prohibiting retroactive modification of support orders.

Judgment affirmed.

Gardner, P. J., and Gabbert, J., concurred.