[Civ. No. 49634. Second Dist., Div. Four. Mar. 7, 1977.]

In re the Marriage of IRENE D. and GILBERT U. ACOSTA.
IRENE D. ACOSTA, Respondent, v.
GILBERT U. ACOSTA, Appellant.

**COUNSEL**

Milton Fenton for Appellant.

Alan R. Talt for Respondent.

## Opinion

DUNN, J.—In this proceeding for dissolution of marriage, an interlocutory judgment was entered May 9, 1975. The judgment ordered, inter alia, that commencing April 1, 1975, husband pay wife $250 per month as spousal support and $250 per month as support for the minor child of the parties. On June 6, 1975, husband filed an order to show cause for modification of the support payments, as follows: elimination of spousal support and reduction of child support to $20 per month. Such modification was sought on the ground that husband had lost his job on April 11, 1975, and he requested that the modification be made retroactive to that date. Pursuant to stipulation of the parties, the court, on June 25, 1975, ordered that the matter be continued to September 10, 1975, and that "the OSC in re modification may take effect as of this date and further that the Court may make any order on the hearing date that it could have made on this date." On September 10th, following a hearing, the court ordered that the interlocutory judgment be modified to provide for suspension of spousal support payments and reduction of child support payments to $65 per month. It was further ordered that when husband returned to full-time employment of 40 hours per week, spousal support and child support payments automatically would revert to the amounts originally ordered in the judgment.

■ ■■■ Husband appeals from the order of modification insofar as it (1) failed to make the modification of spousal and child support payments retroactive to the date husband lost his job, and (2) provided for the automatic reversion of such payments to their original levels as soon as husband again secured full-time employment.[1]

1. Civil Code section 4700, subdivision (a), provides in pertinent part: ". . . Any order for child support may be modified or revoked as the court may deem necessary, except as to any amount that may have accrued prior to the date of the filing of the notice of motion or order to show cause to modify or revoke. The order of modification or revocation may be made retroactive to the date of the filing of the notice of motion

---

[1]The order modifying the interlocutory judgment involved issues different from those presented by the judgment. Therefore, the order is appealable. (Code Civ. Proc., § 904.1, subd. (b); *Noorthoek* v. *Superior Court* (1969) 269 Cal.App.2d 600, 601-602 [75 Cal.Rptr. 61].)

Although the order apparently is favorable to husband, he is aggrieved by it in the particulars specified, and thus has a right to appeal. (Code Civ. Proc., § 902; *Spencer* v. *Nelson* (1947) 30 Cal.2d 162, 164 [180 P.2d 886]; *Maxwell Hardware Co.* v. *Foster* (1929) 207 Cal. 167, 170 [277 P. 327].)

or order to show cause to modify or revoke, or to any date subsequent thereto. . . ." Civil Code section 4801, subdivision (a), contains a like provision regarding the modification of an order for spousal support. ■ Thus, while a judgment requiring periodic payments of spousal or child support may, on proper application and showing, be modified prospectively, it cannot be modified retroactively as to accrued amounts. (See *Keck* v. *Keck* (1933) 219 Cal. 316, 320 [26 P.2d 300]; *In re Marriage of Ford* (1972) 24 Cal.App.3d 62, 65 [100 Cal.Rptr. 817]; *Young* v. *Young* (1970) 14 Cal.App.3d 1, 5, fn. 1 [92 Cal.Rptr. 148]; *Sanford* v. *Sanford* (1969) 273 Cal.App.2d 535, 537 [78 Cal.Rptr. 144]; *Bryant* v. *Bryant* (1958) 161 Cal.App.2d 579, 583 [326 P.2d 898]; *Scarlett* v. *Scarlett* (1957) 151 Cal.App.2d 237, 239 [311 P.2d 188].) It follows that the trial court in the present case was without power to make the modification of spousal and child support payments retroactive to the date appellant lost his job, which was a month before entry of the interlocutory judgment fixing the amounts of the support payments.

■ 2. Appellant contends the trial court erred in ordering that spousal and child support payments automatically revert to their original levels as soon as appellant resumed full-time employment because such order did not take into account either the amount of his salary in any new position, or the respective needs of the parties at the time he resumed employment. In support of this contention, appellant cites and relies upon *Philbin* v. *Philbin* (1971) 19 Cal.App.3d 115 [96 Cal.Rptr. 408]. In that case, pursuant to a motion by husband, the trial court modified interlocutory and final judgments of divorce by reducing spousal and child support for a period of six months commencing October 1, 1970, and continuing until April 1, 1971, at which time spousal and child support payments were to revert back to the sums ordered in the interlocutory judgment. Husband was employed as a television entertainer but, at the time of the hearing on the motion for modification, his contract had only six weeks to run, and he had no job offers for the future. Under these circumstances, the appellate court deleted from the order of modification the provision for reversion of support payments to their former level, stating (pp. 122-123): "[T]he court cannot anticipate what may possibly happen in the future or provide for future contingencies in making an order but is limited to the facts and circumstances existing at the time the same is made. . . . In the absence of anything in the record to support a 'reasonable' expectation that respondent [husband] will resume his former financial situation in

the near future, the termination of the reduced support payments on April 1, 1971, is predicated on the grossest kind of speculation. While there appears to be no abuse of discretion in the reduction of support payments, we conclude for the foregoing reasons that the court abused its discretion in ordering the restoration of the original payments on April 1, 1971."

The *Philbin* case does not aid appellant, for there the trial court arbitrarily fixed the period of reduced support payments at six months without regard to whether, during or at the end of that period, the husband would be employed or otherwise would be in a financial position to resume payments of the amounts of support originally ordered in the judgment. In the present case, appellant sought modification of support payments on the ground he had lost his job, and therefore was unable to make the payments ordered in the interlocutory judgment. At such time as appellant again obtains employment, the reason for the modification may have ceased to exist. Therefore, the trial court did not abuse its discretion in ordering that the support payments revert to their original levels upon appellant's securing full-time employment.

█ It is true that, in awarding spousal and child support, the trial court must consider the needs of the dependents and the husband's ability to meet those needs. (*Baron* v. *Baron* (1970) 9 Cal.App.3d 933, 943 [88 Cal.Rptr. 404].) However, if appellant is reemployed at a salary less than that upon which the support payments in the interlocutory judgment were based,[2] or if the respective needs of the parties have changed since those payments were fixed, appellant can move for a further modification of support payments based upon such circumstances. Meanwhile, the order of modification properly assures that the wife and the minor child of the parties will not be required to subsist on reduced support payments after the reason for that reduction (i.e., appellant's lack of gainful employment) has been eliminated.

The order of September 10, 1975, is modified by adding to the penultimate paragraph thereof the following language: "The court retains jurisdiction to modify the present order. Each of the parties is

---

[2]Prior to April 11, 1975, appellant was employed as a machinist at a salary of $990 per month. On that date, he was discharged because of a lack of work at his place of employment.

entitled to initiate proceedings for modification at any time." As thus modified, the order is affirmed.

Costs of this appeal are awarded to respondent.

Kingsley, Acting P. J., and Jefferson (Bernard), J., concurred.

On March 25, 1977, the judgment was modified to read as printed above.